## SUSQUEHANNA BOOM COMPANY & Others *v.* WEST BRANCH BOOM COMPANY.

IN ERROR. TO THE SUPREME COURT OF PENNSYLVANIA.'

Submitted December 10th, 1883.—Decided January 7th, 1884.

*Constitutional Law—Corporations—Practice.*

Where the federal question insisted on in this court, respecting a contract be-
tween a State and a corporation in the grant of franchises by the former to
the latter, was not raised at the trial in the State court, or where it does
not appear unmistakably that the State court either knew or ought to have
known prior to its judgment that the judgment, when rendered, would
necessarily involve that question, this court cannot take jurisdiction of
the case for the purpose of reviewing the judgment of the State court. It
is not sufficient that the question was raised after judgment, on a motion
for a rehearing. *Brown* v. *Colorado*, 106 U. S. 95, cited and approved.

Motion to dismiss a cause brought here from a State court
by writ of error, on the ground that the federal question was
not raised in the court below.

*Mr. Seymour D. Ball* for defendant in error, moving.

*Mr. William A. Wallace* for plaintiffs in error, opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.
The Susquehanna Boom Company was incorporated by the
General Assembly of Pennsylvania on the 26th of March, 1846,
and as early as 1849 erected, under its charter, a boom in the
West Branch of the Susquehanna River, at Williamsport, for
the purpose of securing logs and other lumber floating in the
river. Its charter did not purport to confer upon it any ex-
clusive rights to the use of the river above the boom for bring-
ing logs down.

On the 26th of March, 1849, the West Branch Boom Com-
pany was incorporated to construct and maintain a boom on
the south side of the West Branch at Lock Haven, about
twenty-five miles above Williamsport. Under its charter this
company was not allowed to extend its boom more than half
way across the river, but it could "erect such piers, side

branches, or sheer booms" as might be necessary. With this authority a sheer boom was constructed in the north half of the stream. This suit was begun in a State court of Pennsylvania to enjoin the West Branch Company from maintaining such a sheer boom, on the ground that under its charter no such structure could be placed by it on the north side of the branch. The Supreme Court of the State, on appeal, decided that it could put in and maintain such a sheer boom, and adjudged accordingly. To reverse that judgment this writ of error was brought. The West Branch Company now moves to dismiss the writ because no federal question is involved.

It is clear to our minds that we have no jurisdiction. The Constitution protects State corporations in such contracts with the State as their charters imply. The Susquehanna Company, whose rights are involved, was given full authority to erect and maintain its boom at Williamsport. That undoubtedly implied the right to use the river as others used it for bringing logs to the boom. The West Branch Company was also authorized to construct its boom in the south half of the river at Lock Haven. Whether it could under its charter put a sheer boom in the north half seems to have been a question with the Susquehanna Company, and this suit was brought to have that question settled. That is clearly all there was in the case up to the time of the final decision of the Supreme Court, whose judgment we are now called on to review. There is nowhere, either in the pleadings, the evidence, or the suggestions of counsel, prior to the judgment, so far as we have been able to discover, even an intimation that the Susquehanna Company claimed any contract right under its charter to exclude the West Branch Company from such use as that company was making of the north half of the stream. The only controversy apparently was about the right of the West Branch Company, under its charter, to such use at all.

"Certainly," as was said in *Brown* v. *Colorado,* 106 U. S. 95, "if the judgments of the courts of the States are to be reviewed here on such" [that is to say federal], "questions, it should only be when it appears unmistakably that the court either knew, or

ought to have known, that such a question was involved in the decision to be made."

The fact that on a petition for rehearing it was suggested that if the charter of the West Branch Company was so construed as to give it the right to maintain its sheer boom in the north half of the stream, that charter would impair the obligation of the contract of the State with the Susquehanna Company, is unimportant here, because our jurisdiction extends only to a review of the judgment as it stands in the record. We act on the case as made to the court below when the judgment was rendered, and cannot incorporate into the record any new matter which appears for the first time after the judgment, on a petition for rehearing. Such a petition is no part of the record on which the judgment rests.

*The motion to dismiss is granted.*