## LOEBER *v.* SCHROEDER.

ERROR TO THE COURT OF APPEALS OF THE STATE OF MARYLAND.

No. 1280. Submitted May 1, 1893. — Decided May 10, 1893.

A writ of error will not lie to review an order of the highest court of a State overruling a motion to quash a *fieri facias*. The refusal to quash a writ is not a final judgment within the contemplation of the judiciary acts of the general government.

It is settled that the attempt, for the first time, to raise a Federal question after judgment and on petition for rehearing, comes too late. The motion in this case, to quash the *fieri facias* on the ground that the order of the court directing it to issue was void, stands upon no better footing in such respect than a petition for rehearing would have done.

THE case is stated in the opinion.

On motion to dismiss or affirm.

*Mr. L. P. Henninghausen* and *Mr. M. R. Walter*, for defendant in error, in support of the motion.

*Mr. William R. Colton,* for plaintiff in error, opposing.

Mr. Justice Jackson delivered the opinion of the court.

This writ of error to the Court of Appeals of the State of Maryland is brought to review and reverse a judgment of that court affirming an order of Circuit Court No. 2, of Baltimore city, overruling a motion of the plaintiff in error to quash a writ of *fi. fa.* issued against him in pursuance of a decree entered in the Court of Appeals in April, 1892. The defendant in error moves to dismiss the cause for want of jurisdiction. This motion is based on two grounds, viz.: First, that a writ of error will not lie to an order overruling a motion to quash an execution, because it is not a final judgment or decree within the meaning of the Federal statutes; secondly, that no Federal question is involved in the case.

It appears from the record that the defendant in error, J. Henry Schroeder, as administrator of Catherine Loeber, deceased, on July 12, 1890, filed his bill of complaint in Circuit Court No. 2, of Baltimore city, against the plaintiff in error, John Loeber, in which it was alleged that the plaintiff's intestate in 1882 loaned to her husband the sum of $8000, being a part of her separate estate, on condition that he should pay said sum of money, on her death, to her children, and that said John Loeber, who was the husband of the intestate, agreed to take said money upon that condition as a loan from his wife. The complaint further charged that the defendant John Loeber had never repaid said sum of money, and that he denied that the same was a part of the estate of his deceased wife, and prayed for an order of the court directing and requiring that he should bring said money into court to be invested in the name of his deceased wife's children; that the same might be declared a lien upon property described in the bill which had been improved with the fund borrowed; and for such further relief as the nature of complainant's case might require.

The defendant answered this bill and denied that his wife had ever loaned him the amount stated in the bill, or any part thereof, and denied all indebtedness to the wife or her estate.

He further set up in his answer that the complainant had failed to make proper parties to his bill, and that no case was stated therein of which the court could take jurisdiction.

On the issues thus presented, proofs were taken, and upon hearing of the case May 21, 1891, Circuit Court No. 2, of Baltimore city, being of opinion that the complainant had no interest whatever in the matter in controversy, dismissed the bill without prejudice to any proceedings that proper parties might be advised to take. From this decree the complainant prosecuted an appeal to the Court of Appeals of the State, which, on January 28, 1892, reversed the decree of the Circuit Court, and entered a decree in favor of the complainant, as administrator of Mrs. Loeber, for $8000 and costs, which amount said court found from the testimony Loeber had received from his wife, and undertook to invest for her benefit in certain houses which belonged to him. The Court of Appeals, while holding that the undertaking to invest the money in certain specified property was a contract within the fourth section of the statute of frauds, and for that reason could not be specifically performed, nevertheless held that a court of equity ought to give relief by decree for the amount of money which he had received from his wife. A decree was accordingly entered against Loeber for the sum of $8000. Subsequently, after entry of that decree Loeber moved the Court of Appeals for a reargument of the case on the grounds that the bill alleged a loan from Mrs. Loeber to him upon the undertaking and promise to pay the same to her children, but alleged no other contract or undertaking on his part; that the complainant failed to prove the alleged contract, but did prove in the opinion of the court another contract, viz., that "John Loeber undertook to invest his wife's money for her benefit in certain houses which belonged to him," and as that contract could not be enforced, the court thereupon decreed, because of the statute of frauds, a repayment of the money received by him; and it was claimed that this latter contract, on which this decree was based, was not alleged in the bill; and that the bill stated no case within the jurisdiction of the court below, or of the Court of Appeals.

This motion for reargument was overruled, the Court of Appeals holding that the case was within the jurisdiction of the court below, and that whatever variance there may have been between the allegations of the bill and the proof in the case the Court of Appeals was authorized under the statutes and decisions of the State (which were specially cited and referred to) to enter a decree according to the testimony, without regard to the special averments of the bill. The Court of Appeals rested its action and decision mainly upon the fifth section of the act of 1832, forming the thirty-fourth section of Article V of the code, which provides that "on an appeal from a court of equity no objection to the competency of a witness, or to the admissibility of evidence, or to the sufficiency of the bill or petition, or to any account stated or reported in said cause, shall be made in the Court of Appeals, unless it shall appear by the record that such objection was made by exceptions filed in the court from which said appeal shall have been taken." The testimony in the case was not excepted to, and the appellate court in its construction of this provision of the code held that it was bound to give effect to the testimony, the court saying: "It is no matter whether the averments of the bill cover the case proved in evidence or not. We are obliged to decree according to the matters established by the proofs. The statute (quoted) has been frequently construed, and the practice under it is well established." After citing various authorities construing said section, the court proceeds: "It is, therefore, very clear that it was our duty to consider the evidence, and make such a decree as it required, without regard to the averments of the bill." The court further held that the administrator succeeded to the right of action on personal contracts made with his intestate, and had the right to sue upon the one in question before Circuit Court No. 2, of Baltimore city.

The Court of Appeals having denied for these reasons a rehearing, on April 28, 1892, issued its order for a *fieri facias* against Loeber for the amount decreed returnable to Circuit Court No. 2. On April 29, 1892, Loeber entered a motion before said Circuit Court to quash this writ for the following

reasons : Because the decree on which the writ issued and the writ were void, because said writ would deprive the defendant of his property without due process of law, and because it was issued in violation of the Constitution of the United States and amendments thereto ; because section 34 of Article V of the Code of Public General Laws, in so far as it requires the Court of Appeals to make their decision on the evidence without regard to the bill or averments of the complaint, was contrary to the Constitution of the United States and amendments thereto, and laws passed in pursuance thereof, and was therefore void.

The Circuit Court No. 2, on May 21, 1892, dismissed this motion and the petition of the defendant to quash the writ of *fieri facias.* From this order of dismissal Loeber prosecuted an appeal to the Court of Appeals, which, in November, 1892, affirmed the order of the Circuit Court, holding that section 34 of Article V of the Code of Public General Laws, under and by virtue of which the Court of Appeals had made a decision on the evidence in the case and had awarded the writ of *fi. fa.*, was not in conflict with the Constitution or laws of the United States. From the judgment of the Court of Appeals affirming the order of the lower court, Loeber has prosecuted the present writ of error, and assigned substantially as the grounds thereof that section 34 of Article V of the Code of Public General Laws of the State of Maryland is repugnant to the XIVth Amendment of the Constitution of the United States, which declares that no State shall deprive any person of his property without due process of law ; and secondly, because said section 34, Article V of the Code of Public General Laws is repugnant to the XIVth Amendment of the Constitution, which declares that no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States.

It is well settled that a writ of error will not lie except to review a final judgment or decree of the highest court of the State, and that it will not lie to an order overruling a motion to quash an execution, because a decision upon the rule or motion is not such a final judgment or decree in any suit, as

is contemplated by the judiciary acts of the general government. Refusal to quash a writ is not a final judgment. *Boyle* v. *Zacharie*, 6 Pet. 635, 657; *McCargo* v. *Chapman*, 20 How. 555; *Early* v. *Rogers*, 16 How. 599; *Amis* v. *Smith*, 16 Pet. 303, 314; *Evans* v. *Gee*, 14 Pet. 1.

It is also well settled by the decisions of this court that the attempt to raise for the first time a Federal question, in a petition for rehearing, after judgment, comes too late. *Texas and Pacific Railway Co.* v. *Southern Pacific Railroad Co.*, 137 U. S. 48, 54; *Butler* v. *Gage*, 138 U. S. 52; *Winona & St. Peter Railroad* v. *Plainview*, 143 U. S. 371; *Leeper* v. *Texas*, 139 U. S. 462; and *Bushnell et al.* v. *Crooke Mining and Smelting Co.*, 148 U. S. 682.

The motion to quash the *fi. fa.* in this case on the grounds that the order of the Court of Appeals, which directed it to be issued, was void for the reasons assigned, stood upon no better footing than a petition for rehearing would have done, and suggested Federal questions for the first time, which, if they existed at all, should have been set up and interposed when the decree of the Court of Appeals was rendered on January 28, 1892.

If any Federal question existed in the case the attempt to raise it came too late, but we are of opinion that no Federal question really exists in the case. The provisions of the statute complained of by the plaintiff in error are manifestly not in conflict with any provision of the Constitution of the United States, or of any law of Congress passed in pursuance thereof. The said statute relates to a matter of state practice alone, and the proper construction of that statute, upon well-settled principles, rested with the state courts. The question as to whether the plaintiff's remedy was at law or in equity was a matter dependent entirely upon local law, and involved no Federal right whatever.

We are, therefore, of opinion that the motion to dismiss for want of jurisdiction should be sustained, and it is accordingly so ordered.

*Dismissed.*