## McMILLEN v. FERRUM MINING COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF COLORADO.

No. 185.   Argued March 15, 16, 1905.—Decided April 3, 1905.

Where the Federal question is not raised until the petition for rehearing to the highest court of the State, it is too late to give this court jurisdiction under Rev. Stat. § 709, to review a writ of error unless the court grants the rehearing and then proceeds to pass upon the question.

Where in all the state courts the question was treated as one of local law, the fact that the suit was brought under Rev. Stat. § 2326, to try adverse rights to a mining claim, does not necessarily involve a Federal question so as to authorize a writ of error from this court.

By this writ of error it is sought to review a judgment of the Supreme Court of Colorado, affirming a judgment of the District Court of Lake County in favor of the Ferrum Mining Company in a proceeding brought by the plaintiffs in error under Rev. Stat. sec. 2326 to determine the right of possession to certain mining grounds, plaintiffs claiming title as owners of the Eulalia lode mining claim and the defendant claiming title to the same ground as the Golden Rod lode mining claim.

The case was tried before the court and a jury, resulting in a verdict and judgment in favor of the defendant, which was affirmed by the Supreme Court, upon the ground that plaintiffs had not complied with either the Federal or the state statutes in showing a valid discovery of mineral in their location.

*Mr. George R. Elder* for plaintiffs in error.

*Mr. Charles Cavender*, with whom *Mr. John A. Ewing* was on the brief, for defendant in error:

No Federal question was raised by plaintiffs in error, either in the trial court or in the Supreme Court of Colorado before the petition for a rehearing, and the question as to the validity of the state statute was not raised in the state court at all. *Bushnell* v. *Mining Co.*, 148 U. S. 682; *Telluride Co.* v. *R. G. West. Ry. Co.*, 175 U. S. 639; *Blackburn* v. *Mining Co.*, 175 U. S. 571; *Mining Co.* v. *Rutter*, 177 U. S. 505.

The decision of the Supreme Court of Colorado in no way brought in question the validity or construction of any Federal statute. The question decided by the Supreme Court of Colorado was whether or not under the statutes of the United States, and of the State of Colorado, the plaintiffs in error had made a valid location prior to the location of the defendant in error or its grantors.

No right or immunity was specially set up or claimed in the case at bar, and no such right was expressly or in effect denied by the judgment. *Roby* v. *Colehour*, 146 U. S. 153.

The question as to the invalidity of the state statute was not raised in the state court, if at all, until the petition was filed for a rehearing in the Supreme Court, which is too late. *Loeber* v. *Schroeder*, 149 U. S. 580; *Tex. & Pac. Ry. Co.* v. *So. Pac. Co.*, 137 U. S. 48; *Butler* v. *Gage*, 138 U. S. 52; *Winona & St. P. R. Co.* v. *Plainview*, 143 U. S. 371; *Leeper* v. *Texas*, 139 U. S. 462; *Sayward* v. *Denny*, 158 U. S. 180; *Pim* v. *St. Louis*, 165 U. S. 273; *Miller* v. *Cornwall R. Co.*, 168 U. S. 131;

*Meyer* v. *Richmond*, 172 U. S. 82; *Citizens' Savings Bank* v. *Owensboro*, 173 U. S. 636; *Harding* v. *Illinois*, 196 U. S. 78.

Mr. Justice Brown, after making the foregoing statement, delivered the opinion of the court.

In their amended complaint the plaintiffs averred that in the location and record of the Eulalia lode mining claim their grantor had complied with the laws of the United States, the laws of Colorado and the rules and regulations of miners in the district, with reference to the discovery, location and appropriation of said Eulalia mining claim. They did not question the validity of the state statutes, which prescribe certain acts as necessary to a valid location, but set up a compliance with them, and contended that the defendant did not establish a valid location.

Plaintiffs did not claim by virtue of a discovery of their own, but by virtue of their knowledge of the existence of a vein within the surveyed limits of that claim, though several hundred feet distant from the discovery shaft of the Eulalia, which he, McMillen, together with his coöwner, had previously discovered in the process of its development; and insisted that this knowledge was equivalent to an actual discovery by him of a vein within the Eulalia location.

The proposition of plaintiffs, as stated by their counsel, was this:

"That Mr. McMillen, as an owner and a locator of the Eulalia lode, knew at the time he placed his stake upon the Eulalia claim on the thirtieth of May, 1893, that he in company with the coöwners of the Pocket Liner claim had discovered ore in the shaft of the Pocket Liner claim; that at the moment that he placed his stake upon that ground, claiming the Eulalia claim as abandoned and unoccupied territory, that theretofore there had been a discovery of mineral within the requirements of the statutes of the United States and of the State of Colorado, and that that knowledge within the mind of

Mr. McMillen constituted a complete, final and perfect location of that mining claim, provided he did the other things requisite under the statutes of the State of Colorado, by sinking a discovery shaft ten feet in depth, etc.''

The substance of the plaintiff's argument was that the mere knowledge of the Eulalia locator of the existence of a vein in the Pocket Liner, the previous lode, made his location valid, provided he performed the other things requisite under the statutes of the State of Colorado, besides the actual discovery of mineral. The court did not deny the proposition that, if the locator knew that there had been a discovery of a vein or lode within his location, he might base his location upon it, although he made no discovery himself; but the statutes of Colorado provide (Mills Annotated Statutes, section 3152) certain requirements in addition to those specified in the Revised Statutes, among which were that the discoverer before filing his location certificate shall sink a discovery shaft to the depth of at least ten feet from the lowest part of the rim of such shaft at the surface, or deeper, if necessary, to show a well defined crevice, and shall also post at the point of discovery a notice containing the name of the lode, the name of the locator, and the date of the discovery, and shall also mark the surface boundary of the claim. The court further held that where "the locator himself selects the discovery shaft, as the one in which the discovery of mineral has been made, and there posts his location stake, and bases his location upon such discovery, he may not, after intervening rights have attached, abandon and disregard the same, neglect to comply with such provisions, and select another discovery upon which his location was not predicated.''

In this connection the court held that if the plaintiffs relied upon a former discovery they were bound to show that it was claimed by their locator, or adopted by him as the only one upon which the Eulalia lode was made; and that the court was correct in refusing to hear the proof offered, since it did not meet the requirements of the decisions, to the effect that

a former discovery may be made the basis of a valid location. The court, however, found expressly that the plaintiffs not only did not question the validity of the state statutes, which prescribe certain acts as necessary to a valid location, but averred in their complaint that those statutes had been complied with.

After the disposition of the case by the Supreme Court, plaintiffs in error filed a petition for a rehearing, in which, for the first time, they raised the question that, as there had been upon their part a full compliance with the requirements of Rev. Stat. sec. 2320 before any valid adverse rights had intervened, there was a perfect and complete appropriation of this ground, and that court should have so adjudicated. In its opinion the court reiterated what it had previously said, that, admitting that the plaintiffs might have availed themselves of the previous discovery within the Eulalia location, and adopted the same as their own without making a valid discovery for themselves, they had not brought themselves within this principle, since in their offer of proof they merely relied upon a former knowledge of such location. In its opinion the court made no mention of the Federal question, which does not seem to have been pressed upon their attention. Though unnecessary to our decision a recent case upon this subject is instructive. *Butte City Water Co.* v. *Baker,* 196 U. S. 119.

It is sufficient for the purposes of this case to say that no Federal question appears to have been raised until the petition was filed for a rehearing. This was obviously too late, unless at least the court grants the rehearing and then proceeds to consider the question. *Mallett* v. *North Carolina,* 181 U. S. 589; *Loeber* v. *Schroeder,* 149 U. S. 580; *Miller* v. *Texas,* 153 U. S. 535.

In both courts the question was treated as one of local law, and the mere fact that suit was brought under Rev. Stat. sec. 2326 to try adverse rights to a mining claim, does not necessarily involve a Federal question, so as to authorize a writ of error from this court. *Bushnell* v. *Crooke Mining Co.,*

148 U. S. 682; *Telluride Power Co.* v. *Rio Grande Ry. Co.,* 175 U. S. 639; *Blackburn* v. *Portland Gold Mining Co.,* 175 U. S. 571; *Shoshone Mining Co.* v. *Rutter,* 177 U. S. 505.

The writ of error is accordingly dismissed.