PARAISO *v.* UNITED STATES.

ERROR TO THE SUPREME COURT OF THE PHILIPPINE ISLANDS.

No. 23. Submitted December 2, 1907.—Decided December 16, 1907.

Where a case is brought up from the Circuit Court on the ground that the construction or application of the Constitution of the United States is involved, the record must show that the question was raised for the consideration of the court below; and, under § 10 of the act of July 1, 1902, 32 Stat. 695, this rule applies to writs of error to review judgments of the Supreme Court of the Philippine Islands.

A complaint, sufficiently clear to the mind of a person of rudimentary intelligence as to what it charges the defendant with, informs the accused of the nature and cause of the accusation against him, and a conviction

thereunder is not in that respect without due process of law under the Philippine bill of rights.

A motion for rehearing in the lower court on grounds set out in the assignment of error, but which was denied, cannot be relied on as properly raising the Federal question necessary to give this court jurisdiction. *McMillan* v. *Ferrum Mining Co.*, 197 U. S. 343.

This court is not called upon to consider errors argued but not assigned. *O'Neil* v. *Vermont*, 144 U. S. 323.

5 Philippine, 149, affirmed.

THE facts are stated in the opinion.

*Mr. Aldis B. Browne* and *Mr. Alexander Britton,* for plaintiff in error.

*The Solicitor General* and *Mr. Assistant Attorney General Russell,* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

The plaintiff in error was convicted of falsification of documents, under Article 300, clauses 4, 7 of the Philippine Penal Code. He brings the case here as one in which a statute of the United States is involved, under the act of July 1, 1902, c. 1369, § 10,  32 Stat. 695. By the article mentioned a public official is subjected to imprisonment and fine if he commits a falsification, clause 4, "By perverting the truth in the narration of facts," or, clause 7, "By giving out an authentic copy of a fictitious document, or by stating therein a contrary or different thing from that contained in the genuine original." It is assigned as error that the plaintiff in error was required to answer without being advised of the nature and cause of the accusation against him, and that he was convicted without due process of law. It is argued further, although not assigned as error, that the sentence inflicted a cruel and unusual punishment, by reason of the amount of the fine and the length of the term of imprisonment, and still further, that the fine was greater than that which the statute imposed, all contrary to the Philippine bill of rights. Act of July 1, 1902, c. 1369, § 5,  32 Stat. 691, 692.

There is no suggestion in the record that any of these ques-

tions were raised at any stage below, except in an agreement of counsel that the full record showed that before any evidence was received the plaintiff in error asked leave to withdraw his plea of not guilty and substitute the statement that he did not know how to plead, which was denied, and that he objected to the reception of any evidence in support of the complaint, because it was incapable of being sustained by evidence, which objection was overruled. There was a motion for rehearing, on the grounds set out in the assignment of error, but as the motion was denied, that cannot be relied upon here. See *McMillen* v. *Ferrum Mining Co.*, 197 U. S. 343. It would be going far in allowance for different habits of thought and action, to treat what was done as equivalent to a demurrer. The court below does not so interpret it, but says that no exception was taken to the sufficiency of the complaint. It would be going farther to treat it as setting up the Philippine bill of rights in analogy to a claim of constitutional rights in a Circuit Court of the United States. If a case is brought up from the Circuit Court on the ground that it involves the construction or application of the Constitution of the United States, the record must show that the question was raised for the consideration of the court below. *Carey* v. *Houston & Texas Central Ry. Co.*, 150 U. S. 170, 181; *Ansbro* v. *United States*, 159 U. S. 695; *Cornell* v. *Green*, 163 U. S. 75, 78; *Cincinnati, Hamilton & Dayton R. R. Co.* v. *Thiebaud*, 177 U. S. 615, 619, 620; *Arkansas* v. *Schlierholz*, 179 U. S. 598. The most that could be gathered from this record is that the plaintiff in error contended that the complaint was bad by the rules of criminal pleading. See *Cornell* v. *Green*, 163 U. S. 75, 79. There was no hint that he relied on the bill of rights or contended that the complaint would not satisfy that. The bill of rights, in all probability, was an afterthought when everything else had failed.

Our consideration of the case properly might stop here. But, as the rule laid down probably was not well known, we will add that we find nothing in the errors assigned. The com-

plaint, however open it might be to criticism on demurrer, supposing the strict rules of the old common law should be applied, would leave no doubt in the mind of any person of rudimentary intelligence that it meant to charge the defendant with falsely entering on the stubs of certain specified tax certificates smaller sums than those shown by the certificates and actually received by him, and with altering such stubs to lower sums, with intent of gain; (that is to say, with intent to settle his accounts as a public officer on the showing that less was due than was due in fact), contrary to Article 300, clauses 4, 6 and 7 of the Penal Code.[1] If the Philippine Code had sanc-

[1] The complaint is as follows, omitting the title, signature and verification:

The undersigned accuses José Paraiso of the crime of falsification, committed as follows: That the said José Paraiso, in his capacity as municipal treasurer of Lumbang, entered upon registration tax certificate No. 481,054, issued at Lumbang the 31st of May, 1904, to one Pedro Robie, the amount of $6.00, and erased from the stub thereof the figures written thereon, with the exception of the two–00, leaving traces of the figure thus erased, there appearing, however, upon the same stub, written in pencil by the accused, the figures 2.00, this being the amount shown on the abstract submitted to the provincial treasurer, all of this with intent of gain.

That on registration tax certificate No. 481,052, issued at Lumbang on the 31st day of May, 1904, to Francisco Guimoc, he entered the amount of $4 as the price of the said certificate, whereas on the stub thereof he only entered the amount of $2, thereby committing the crime of falsification of a document, provided for and penalized under paragraphs 4, 6 and 7 of section 300 of the Penal Code. It further appears from the abstract submitted by him that the amount received was $2.00, thus defrauding the government to his personal advantage and gain.

That at different times during the year 1904, in his capacity as municipal treasurer of the town of Lumbang, Laguna, he issued registration tax certificates to the following persons under the following numbers:

Eduardo Llantos, No. 481053; Damaso Garcia, No. 481044; Apolinario Almario, No. 339727; Cenon Labra, No. 339899; Pablo Cristobal, No. 339897; Luis Abi, No. 339877; Leon Mondes, No. 339852; Luis Valdomora, No. 339848; Gregorio Mulingbayan, No. 339846; Filemon Mercado, No. 339840; Pablo Samonte, No. 339795; Mariano Magano, No. 339785; Vicente Valdeavella, No. 339783; Juan Wadis, No. 339763; Mateo Laguartilla, No. 339744; Faustino Rosales, No. 339707; Deogracias Babia, No. 339701; Dionisio Abad, No. 339694; Eduardo Ramillosa, No. 339673; Monico Abad, No. 339660; Conrado Lagunda, No. 339632; Juan Tablico, No. 339605; Ubaldo Mercado, No. 339541; Juan Puhauan, No. 339510; Antonio Eborda, No. 339379; Cirilia del Castillo, No. 339375; Valeriano de Ramos, No. 339341; Mateo

tioned this form, it is extravagant to contend that the enact-ment would have been void under the laws of the United States. Yet that is a test. See *Missouri* v. *Dockery*, 191 U. S. 165, 171. The bill of rights for the Philippines giving the accused the right to demand the nature and cause of the accusation against him does not fasten forever upon those islands the inability of the seventeenth century common law to understand or accept a pleading that did not exclude every misinterpretation capable of occurring to intelligence fired with a desire to pervert.

We do not feel called upon to consider errors not assigned. See *O'Neil* v. *Vermont*, 144 U. S. 323, 331.

*Writ of error dismissed.*

MR. JUSTICE HARLAN dissents.

---

Pacoma, No. 339313; Mariano Valdeavella, No. 339491; Benedicto Valdeavella, No. 339490; Juan Mercado, No. 339477; Epifanio Vellestro, No. 339445; Marcelino Cabalsa, No. 339499; Marcelo Tabirao, No. 339905; Placido Macadagay, No. 339837; Juan Valeavella, No. 339604; Bernabe Yamballa, No. 339558; Léon Abi, No. 339540; upon which said certificates there appear to have been entered and collected by the accused larger amounts than those shown on their corresponding stubs after he had settled his accounts with the provincial treasurer; and that the said stubs, or most of them, contain erasures, changes and alterations, all of which said acts are punishable under paragraphs 4, 6 and 7 of section 300 of the Penal Code, relating to the crime of falsification, for the purpose of gain.