**TONJE v. PEOPLE OF PUERTO RICO.**

No. 4507.

United States Court of Appeals, First Circuit.

March 14, 1951.

Agustin Perez Rodriguez, San Juan, P. R., for appellant.

Marvin E. Frankel, Attorney, Department of Justice, Washington, D. C. (H. G. Morison, Asst. Atty. Gen., Newell A. Clapp, Acting Asst. Atty. Gen., Paul A. Sweeney, Attorney, Department of Justice, Mastin G. White, Solicitor, Department of the Interior, Irwin W. Silverman, Chief

Counsel, Division of Territories and Island Possessions, and Shirley Boskey, Attorney, Department of the Interior, all of Washington, D. C., on the brief), for appellee.

Before MARIS, WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the Supreme Court of Puerto Rico affirming a judgment of the District Court for the Judicial District of San Juan sentencing the appellant to a term of imprisonment after finding him guilty of violating § 4 of the Bolita Act. Act No. 220, Laws of Puerto Rico, 1948, p. 738.

The Supreme Court of Puerto Rico determined that the record disclosed that the search warrant used to obtain the evidence upon which the appellant's conviction rested, and its supporting affidavit, were prepared by an insular police officer who presented the documents to the Municipal Judge of Rio Piedras at his residence in Santurce, and that the latter, after reading the affidavit, asked the officer to sign it, then signed it himself, and issued the search warrant. The Court held that in Puerto Rico an oath "does not require a solemn and ritualistic form", and that under Puerto Rican law a municipal judge need not go to a place within his district in order to administer an oath. It therefore held that the warrant was supported by oath as required by § 2 of the Organic Act. 39 Stat. 951, 48 U.S.C.A. § 737. It is asserted that this holding alone presents a substantial federal question adequate to support our appellate jurisdiction, it being now conceded, as it must, that the warrant adequately described the place to be searched and the things to be seized.

But, we have here a personal appearance by an affiant, the police officer, before a judicial officer, a municipal judge, and acts by them in one another's presence, the signing of the affidavit. The only questions presented therefore are with respect to the particular ceremonies required to constitute an oath in Puerto Rico, and to the territorial jurisdiction of the municipal judge to administer it. Certainly these are questions of local, not of federal law. It follows that no substantial federal question is raised on this appeal and that it must therefore be dismissed for lack of appellate jurisdiction under the rule enunciated by this court last year in Romero v. People of Puerto Rico, 1 Cir., 182 F.2d 864.

The appeal is dismissed for lack of jurisdiction.