PRENSA INSULAR DE PUERTO RICO, Inc. et al. v. PEOPLE OF PUERTO RICO.

No. 4512.

United States Court of Appeals
First Circuit.

June 7, 1951.

Norman Schur, New York, N. Y. (Juan B. Soto, Felix Ochoteco, Jr., Guillermo Cintron Ayuso and Juan F. Soto, all of San Juan, P. R., on brief), for appellants.

Benjamin Forman, Attorney, Department of Justice (Mastin G. White, Solicitor, Department of the Interior, Holmes Baldridge, Asst. Atty. Gen., Samuel D. Slade, Attorney, Department of Justice, Irwin W. Silverman, Chief Counsel, Office of Territories, and Shirley Boskey, Attorney, Department of the Interior, all of Washington, D. C., on brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

WOODBURY, Circuit Judge.

The District Attorney for the Judicial District of San Juan filed informations in the Municipal Court of San Juan against Prensa Insular de Puerto Rico, Inc., a Puerto Rican corporation which publishes a daily newspaper having island-wide circulation called "El Imparcial", and Antonio Ayuso, its editor, charging both with defamatory libel under Article 243 of the Penal Code of Puerto Rico. A trial in the Municipal Court resulted in findings of guilty and sentences to pay fines, and both defendants appealed to the insular District Court of San Juan. A trial *de novo* in that Court in accordance with local procedure also resulted in findings of guilty and sentences to pay fines, and appeals followed to the Supreme Court of Puerto Rico. That Court affirmed and the instant appeal was taken to this Court.

At the outset we are confronted with the question of our appellate jurisdiction for neither defendant suggested the existence of any federal question prior to a petition to amend a motion for reconsideration filed in the Supreme Court of Puerto Rico, which, although the motion for recon-

sideration itself was denied without opinion, does not appear ever to have been acted upon.

This Court by Title 28 U.S.C. § 1293, and § 1294(6) is given jurisdiction of appeals from final decisions of the Supreme Court of Puerto Rico in cases involving convictions for violations of insular criminal statutes only in those cases which involve " 'the Constitution, laws or treaties of the United States or any authority exercised thereunder'—or what may be called, in short, a federal question." And "The federal question sought to be presented must be substantial, not merely frivolous or colorable." Romero v. People of Puerto Rico, 1 Cir., 1950, 182 F.2d 864, 867 and cases cited; Tonje v. People of Puerto Rico, 1 Cir., 1951, 187 F.2d 1020. Moreover the federal question required for our jurisdiction must have been raised and properly presented below and considered by that court in reaching its decision. Romero v. People of Puerto Rico, supra, 182 F.2d at pages 867, 868. It is not enough that the federal question be merely "lurking in the record." Ramos v. Leahy, 1 Cir., 1940, 111 F.2d 955, 956. So much is clearly established by the decisions of this court.

Since we are not prepared to say that the federal question upon which our appellate jurisdiction is sought to be grounded in this case is "merely frivolous or colorable," as we did in the Romero and Tonje cases, supra, we must decide whether or not a federal question first raised in a petition to amend a motion for reconsideration filed in the court below, but not acted upon, was timely raised and presented below and considered by that court in reaching its decision. We think it clear that the answer must be in the negative.

This Court in the Romero case, supra, expressly declined to decide whether a federal question first raised in a motion for reconsideration, which was denied without opinion, was raised in season to confer appellate jurisdiction. The Supreme Court of the United States, however, in a line of cases too long for full citation

construing statutes [1] giving it power to review certain final decisions of the highest state courts on writ of error, has held consistently that the federal question necessary for its appellate jurisdiction must have been raised and presented in the highest state court for decision, and that, unless it could not have been raised earlier, it is not raised and presented for decision below when it is suggested for the first time in a motion for reconsideration which is denied by the state court without opinion. As illustrative cases, in addition to those cited in Romero v. People of Puerto Rico, supra, 182 F.2d at page 868, see Susquehanna Boom Co. v. West Branch Boom Co., 1884, 110 U.S. 57, 3 S.Ct. 438, 28 L.Ed. 69; Simmerman v. Nebraska, 1885, 116 U.S. 54, 6 S.Ct. 333, 29 L.Ed. 535; Loeber v. Schroeder, 1893, 149 U.S. 580, 585, 13 S.Ct. 934, 37 L.Ed. 856; McMillen v. Ferrum Mining Co., 1905, 197 U.S. 343, 347, 25 S.Ct. 533, 49 L.Ed. 784; Godchaux Co. v. Estopinal, 1919, 251 U.S. 179, 181, 40 S.Ct. 116, 64 L.Ed. 213; Citizens National Bank of Cincinnati v. Durr, 1921, 257 U.S. 99, 106, 42 S.Ct. 15, 66 L.Ed. 149; Rooker v. Fidelity Trust Co., 1923, 261 U.S. 114, 117, 43 S.Ct. 288, 67 L.Ed. 556, and the cases cited therein.

Although the Supreme Court in the cases cited herein above was construing statutes giving it jurisdiction to review final decisions of the highest courts of the states on writ of error, we think that the rule established in them applies with respect to the jurisdiction of this court to review final decisions of the Supreme Court of Puerto Rico on appeal.

Our jurisdiction in the premises stems from § 35 of the Foraker Act, 31 Stat. 77, 85, wherein the Supreme Court of the United States was given jurisdiction to review on appeal or by writ of error "final decisions" of the Supreme Court of Puerto Rico "in all cases where the Constitution of the United States, or a treaty thereof, or an Act of Congress is brought in question and the right claimed thereunder is denied".

Apparently the Supreme Court of the United States never had occasion to consider whether, under this section of the Foraker Act, or under any of the statutory provisions which succeeded it, see Balzac v. Porto Rico, infra, the federal question essential to its appellate jurisdiction had to be raised prior to a motion for rehearing which the Supreme Court of Puerto Rico denied without opinion. In Paraiso v. United States, 1907, 207 U.S. 368, 28 S.Ct. 127, 52 L.Ed. 249, however, the Court construing § 10 of the Philippine Organic Act, 32 Stat. 695, giving it appellate jurisdiction over the highest court of the Philippine Islands, unequivocally held on the authority of McMillen v. Ferrum Mining Co., cited above, that a federal question first raised in a motion for rehearing in the Supreme Court of the Philippine Islands, which was denied, came too late to confer appellate jurisdiction. Although in the absence of authority we cannot be absolutely certain, we think for the reasons presently to be stated that the rule of the Paraiso case would also have been applied with respect to the appellate jurisdiction of the Supreme Court of the United States over the Supreme Court of Puerto Rico, had occasion to do so arisen.

Statutory provisions subsequent to § 35 of the Foraker Act conferring jurisdiction on the Supreme Court of the United States to review final decisions of the Supreme Court of Puerto Rico are analyzed in detail in Balzac v. People of Porto Rico, 1922, 258 U.S. 298, 300–303, 42 S.Ct. 343, 66 L.Ed. 627. No useful purpose would be served by recapitulating that analysis here. It will suffice to say that Congressional action in 1915, 38 Stat. 804 seems to us of controlling significance, for at that time Congress repealed § 244 of the Judicial Code which had specifically given the Supreme Court of the United States appellate jurisdiction over the Supreme Court of Puerto Rico, and by amendment of § 246, id., gave the Supreme Court of the United States the same power to review final decisions of the Supreme Court of Puerto

1. Rev.Stat. § 709; § 237 of the Judicial Code, 36 Stat. 1156; as amended 39 Stat. 726.

Rico that it had under § 237 of the Judicial Code to review final decisions of the highest state courts.

The "manifest purpose" of this amendment, the Supreme Court said in the Balzac case, supra, 258 U.S. at page 302, 42 S.Ct. at page 344, 66 L.Ed. 627, "was to assimilate the appellate jurisdiction of this Court over the Supreme Courts of Porto Rico and Hawaii to that over state courts of last resort". Thus it would seem that the rule of the cases cited above construing § 237 of the Judicial Code clearly became applicable with respect to the appellate jurisdiction of the Supreme Court of the United States over the Supreme Court of Puerto Rico. Indeed this appears to have been tacitly recognized in the Balzac case, 258 U.S. pages 303 and 304, 42 S.Ct. at page 345, 66 L.Ed. 627, wherein the Court specifically points out that the federal question essential to its jurisdiction was timely, although informally, raised below. In short, we think that the Supreme Court of the United States had the same jurisdiction over the Supreme Court of Puerto Rico that it held in the cases cited above that it had over the highest state courts, and that it held in Paraiso v. United States, supra, that it had over the Supreme Court of the Philippine Islands. And we think that when Congress by amendment of the Judicial Code in 1925, 43 Stat. 936 transferred to this court jurisdiction to review by appeal or writ of error "final decisions" of the Supreme Court of Puerto Rico in all cases "wherein the Constitution or a statute or treaty of the United States or any authority exercised thereunder is involved", it intended this court to assume the place of the Supreme Court of the United States as the court for immediate review of such final decisions of the Supreme Court of Puerto Rico as Congress wished to make reviewable. And in making this transfer of appellate jurisdiction we find nothing to indicate that Congress intended to effect any change in the settled rule that the federal question essential to appellate jurisdiction comes into the case too late when it is first raised in a petition for rehearing in the court below which is denied without more.

Thus as we see it this court fell heir to the established rule, which parenthetically we may say we regard as both salutary and logical, "that the attempt to raise for the first time a federal question in a petition for rehearing, after judgment, comes too late." Loeber v. Schroeder, 149 U.S. 580, 585, 13 S.Ct. 934, 936, 37 L.Ed. 856.

Without further elaboration we hold that the federal question essential to our appellate jurisdiction over the Supreme Court of Puerto Rico in the premises, when it could have been raised earlier, comes too late when it is raised for the first time in a motion for reconsideration which is denied without opinion. *A fortiori* it comes too late when it is first raised in a petition to amend a motion for reconsideration which is not acted upon at all.

■ Nor do the appellants come within the exception to the general rule to the effect that a federal question which first arises as a result of a decision of the court below which could not have been anticipated is timely raised and presented in a petition in that court for reconsideration, for such a petition, even though not acted upon, affords the first opportunity to raise the question. State of Missouri ex rel. Missouri Ins. Co. v. Gehner, 1930, 281 U.S. 313, 320, 50 S.Ct. 326, 74 L.Ed. 870; Brinkerhoff-Faris Trust & Savings Co. v. Hill, 1930, 281 U.S. 673, 677, 678, 50 S.Ct. 451, 74 L.Ed 1107; see also, Herndon v. State of Georgia, 1935, 295 U.S. 441, 55 S.Ct. 794, 79 L.Ed. 1530. In the first place the federal question asserted, *i. e.* whether the local law of defamatory libel can be applied to a newspaper without running afoul of the provisions of the First Amendment of the Constitution of the United States and § 2 of the Organic Act, 39 Stat. 951, 48 U.S. C.A. § 737, guaranteeing freedom of the press, did not emerge for the first time as a result of the decision of the Supreme Court of Puerto Rico in the case at bar. It was present in the case from its inception. In the second place, even if the federal question had emerged for the first time as a result of the decision of the Supreme Court of Puerto Rico, the first

opportunity to raise it was in the motion for reconsideration itself, not in the petition to amend that motion.

■ But the appellants contend that under a long established principle of appellate procedure now embodied in Rule 52(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. quoted in the margin,[2] we can, if we wish, notice questions on appeal even though they were not raised below, and that, because of its importance, we ought in discretion to notice their federal question even though it was not timely raised, and noticing it, take jurisdiction of their appeal. It is, of course, established practice for appellate courts having jurisdiction to notice errors not assigned as such whenever in their discretion the circumstances seem to warrant such action. It is quite another matter, however, for an appellate court in its discretion to notice a question not raised below for the purpose of conferring jurisdiction upon itself, which is what the appellants would have us do in the case at bar.

The defendants have cited us no direct authority for their proposition. Indeed the cases cited herein are against it. Nor does Weems v. United States, 1910, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793, upon which they heavily rely, support it, for in that case one federal question had been timely presented below and so the Supreme Court had appellate jurisdiction. The fact that, having jurisdiction, it saw fit under its then Rule 35,[3] to notice another federal question (which happened to be the same question unsuccessfully asserted as the ground for appellate jurisdiction in the Paraiso case, supra) does not support the contention. It is true that in the Weems case, at page 362 of 217 U.S., at page 547 of 30 S.Ct., 54 L.Ed. 793, the Court in distinguishing the Paraiso case used language giving the impression that in the Paraiso case the court might have considered the federal question then presented, but in its discretion declined to do so.

It may be that, since the Supreme Court clearly had jurisdiction in the Weems case, it did not have its attention focused upon the jurisdictional question raised and considered in the Paraiso case. But however this may be, the language used in Weems v. United States, falls far short of overruling Paraiso v. United States. We do not consider it nearly strong enough to support the novel proposition that we may in our discretion seek out a federal question from some lurking place in the record in order to confer appellate jurisdiction upon ourselves whenever we feel so inclined. The bounds of our appellate jurisdiction are fixed by statute, as the cases cited herein and a host of others which might be cited clearly indicate, and we do not consider that we have power in our discretion to enlarge the jurisdiction which Congress has seen fit to give us.

The appeal is dismissed for lack of jurisdiction.

2. "Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

3. The Rule provided that errors not assigned in accordance with its requirements "will be disregarded, but the court, at its option, may notice a plain error not assigned."