## CORRETJER v. PEOPLE OF PUERTO RICO et al.

### No. 4616.

United States Court of Appeals
First Circuit.

Feb. 27, 1952.

Rafael V. Perez-Marchand, Rio Piedras, P. R. (Santos P. Amadeo, Rio Piedras, P. R., with him on the brief), for appellant.

Frank Vizcarrondo Vivas, Asst. Pros. Atty., Supreme Court, San Juan, P. R. (Victor Gutierrez Franqui, Atty. Gen., and J. Rivera Barreras, Pros. Atty., Supreme Court, San Juan, P. R., with him on the brief), for appellees.

Before MAGRUDER, Chief Judge, and MARIS and WOODBURY, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the Supreme Court of Puerto Rico discharging its writ of certiorari issued to review a judgment of the insular District Court of Puerto Rico, Section of Bayamon, wherein the appellant was found guilty of counseling a riot in violation of §§ 47 and 359 of the Penal Code of Puerto Rico and sentenced to six months in jail.

The appellant did not raise any question of federal law in either the insular District Court or in the Supreme Court of Puerto Rico prior to a motion for reconsideration filed in the latter court which was denied without opinion, and no reason appears why the federal question which he then presented could not have been raised at an earlier stage of the proceeding. Thus the federal question which this court held in Romero v. People of Puerto Rico, 1 Cir., 1950, 182 F.2d 864, to be essential to our appellate jurisdiction in cases like the present was not raised in season, for in Prensa Insular de Puerto Rico v. People of Puerto Rico, 1 Cir., 1951, 189 F.2d 1019, 1022, this court said that the federal question required to give us jurisdiction over appeals from the Supreme Court of Puerto Rico in criminal cases, "when it could have been raised earlier, comes too late when it is raised for the first time in a motion for reconsideration" which is denied by the Supreme Court of Puerto Rico without an opinion.

The appellee's motion to dismiss this appeal under Rule 39 of this court is therefore granted, and,

The appeal is dismissed for lack of jurisdiction.