**SAN MIGUEL & CIA., Inc., Petitioner, Appellant,**

v.

**SUPERIOR COURT OF PUERTO RICO, San Juan Part, Luis R. Polo, Judge, Respondent, Appellee.**

No. 5595.

United States Court of Appeals
First Circuit.

May 5, 1959.

Francisco Ponsa Feliu, San Juan, P. R., and Rodriguez Ema and Rodriguez Ramon, San Juan, P. R., for appellant on statement on appeal under Rule 39(a).

Hiram R. Cancio, Atty. Gen., and Arturo Estrella, San Juan, P. R., and Basilio Santiago Romero, Asst. Attys. Gen., for appellee on motion to dismiss or affirm under Rule 39(b).

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

We have before us a motion by the appellee under our Rule 39, 28 U.S.C.A., to dismiss appeal or to affirm judgment, in a case which appellant seeks to bring

before us on appeal from a judgment entered by the Supreme Court of Puerto Rico.

The papers are somewhat confusing in this case in that there were two proceedings in the insular courts leading up to decisions by the Supreme Court of Puerto Rico, only the later of which is drawn into question by the notice of appeal.

The Treasurer of Puerto Rico having ruled that there were certain tax deficiencies in the taxpayer's income tax returns for the years 1943 to 1945, inclusive, the taxpayer—the present appellant—brought a timely proceeding in what was then the Tax Court of Puerto Rico for redetermination of said deficiencies, the complaint being filed in the Tax Court August 26, 1948. Thereafter, the case came on for hearing before two judges of the said Tax Court on May 28, 1952, and was taken under advisement. While the case was thus still pending, the Tax Court of Puerto Rico was abolished by the Judiciary Act of the Commonwealth of Puerto Rico approved July 24, 1952 (Laws P.R. Spec. Sess. 1952, p. 30). Pursuant to § 32 of this Judiciary Act, the case therefore was transferred to and remained pending in the Superior Court of Puerto Rico, San Juan Part. Section 32 also provided that "all cases in which hearings have been held and are awaiting decision, shall be decided by one of the judges of the former Tax Court". Judgment was entered in the Superior Court of Puerto Rico, San Juan Part, on June 12, 1953, dismissing the taxpayer's complaint.

Upon appeal to the Supreme Court of Puerto Rico, that court on May 31, 1956, entered judgment affirming the judgment of the Superior Court. See San Miguel & Cia., Inc. v. Secretary of the Treasury, 79 P.R.R. 326. The long opinion filed by the Supreme Court of Puerto Rico dealt entirely with the merits of the taxpayer's contentions. There was no suggestion at this time that the judgment entered in the Superior Court was void under the due process clause because it had been entered by the third judge of the former Tax Court, whereas only his two brethren had participated in the hearing of the case on May 28, 1952. It was not until the first motion for reconsideration, filed by the taxpayer on July 5, 1956, that any federal question under the due process clause was presented to the Supreme Court of Puerto Rico. (Query, whether this motion was timely filed? See Ortiz v. Public Service Commission, 1 Cir., 1940, 108 F.2d 815 and Rule 21, Rules of the Supreme Court of Puerto Rico.) That court, on October 1, 1956, entered a simple order denying the motion for reconsideration. Then, on November 13, 1956, the taxpayer filed a second motion for reconsideration, based in part upon the same constitutional grounds, but the Supreme Court of Puerto Rico in an order entered November 28, 1956, denied that motion as well.

■ It might be inferred from appellant's statement on appeal that it is trying now to raise before us in this case the federal due process question presented for the first time in the motion for reconsideration in the earlier case, in order to attack the judgment of the Supreme Court of Puerto Rico of May 31, 1956, affirming the judgment entered by the single judge in the Superior Court. Of course this is not possible. Assuming for the moment that it is enough to present to the Supreme Court of Puerto Rico a federal question in a motion for rehearing, in order to obtain review by the court of appeals (which is probably not so, cf. Prensa Insular de Puerto Rico, Inc. v. People of Puerto Rico, 1 Cir., 1951, 189 F.2d 1019), still the judgment of the Supreme Court of Puerto Rico entered May 31, 1956, has long since become final and unassailable in this court.

■ Subsequently, the taxpayer went back to the insular courts, and on October 11, 1957, filed in the Superior Court of Puerto Rico, San Juan Part, a motion to set aside the judgment of that court entered June 12, 1953, on the

ground that the judgment was void for lack of jurisdiction, the judge who entered the judgment not having heard the case. On September 5, 1958, this motion to set aside the judgment was denied by the Superior Court. Judge Polo, writing an opinion for the Superior Court, explained its denial of the motion on the ground that the judgment sought to be vacated had been affirmed on appeal on May 31, 1956, by the Supreme Court of Puerto Rico, thus depriving the Superior Court of power to tamper with the said judgment.

The order of the Superior Court denying the motion to vacate was not taken to the Supreme Court of Puerto Rico by appeal. Instead, because of the asserted lack of an "adequate, speedy, and efficient remedy to seek review of the said order by this Hon. Court, except for the writ of certiorari authorized by section 14(e) of the Judiciary Act of Puerto Rico," (see Laws P.R. tit. 4, § 37, tit. 32, § 3228) the taxpayer petitioned the Supreme Court of Puerto Rico for a writ of certiorari to review the order of Judge Polo issued in the name of the Superior Court. The Supreme Court of Puerto Rico entered judgment on December 8, 1958, denying the petition for a writ of certiorari. It is only from that judgment of December 8, 1958, that the present appeal is taken, according to the notice of appeal filed in the case.

Treating the statement on appeal by a very latitudinarian interpretation as intending to present a question of local law, we cannot say that the judgment of the Supreme Court of Puerto Rico of December 8, 1958, was "inescapably wrong" in view of the discretionary nature of the writ of certiorari and of the further circumstance that the order of the Superior Court sought to be reviewed by such writ seems to have been clearly right as a matter of local procedure.

A judgment will be entered affirming the judgment of the Supreme Court of Puerto Rico.