UNITED STATES of America,
Plaintiff–Appellee,

v.

Ernest Bernard MOORE,
Defendant–Appellant.

No. 89–10222.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 1989.

Decided July 3, 1989.

Ernest Bernard Moore, Pro. Per., Federal Correctional Institution, Terminal Island, Cal., for defendant-appellant.

Rudolfo Orjales, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before BROWNING, THOMPSON and LEAVY, Circuit Judges.

PER CURIAM.

Ernest Moore appeals a district court order denying his motion to quash a writ of execution. We dismiss for lack of jurisdiction.

On January 23, 1987, Moore pleaded guilty to two counts of fraudulently using credit cards, in violation of 18 U.S.C. § 1029(a)(2). The district court sentenced Moore to eight years in custody and five years of probation. The court also ordered Moore to pay restitution in the amount of $62,864.82 as directed by the Probation Department. The final judgment was entered May 12, 1987.

The United States Attorney's office then obtained a writ of execution and a memorandum of garnishment to collect on the court-ordered restitution. On March 13, 1989, Moore filed a motion to discharge or quash the writ. The district court denied the motion on April 20, 1989. Moore filed a timely notice of appeal from that denial.

In *Steccone v. Morse–Starrett Products Co.*, 191 F.2d 197, 199 (9th Cir.1951), this court held that the denial of a motion to quash a writ of execution is not an appealable order. The court noted that the order did not finally dispose of an entire controversy between the parties. *Id.* In reaching this decision, we relied on *Loeber v. Schroeder*, 149 U.S. 580, 13 S.Ct. 934, 37 L.Ed. 856 (1893), in which the United States Supreme Court held "the [r]efusal to quash a writ is not a final judgment." *Id.* at 585, 13 S.Ct. at 936. Under *Loeber* and *Steccone*, this court lacks jurisdiction over Moore's appeal. Accordingly, we dismiss the appeal.

APPEAL DISMISSED.