PIM *v.* ST. LOUIS.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 180.   Argued January 27, 1897. — Decided February 1, 1897.

No Federal right was set up in this case until after the final decision of the case by the Supreme Court of Missouri; and then by a petition for rehearing. *Held,* that the claim of a Federal right came too late, so far as the revisory power of this court is concerned.

THE case is stated in the opinion.

*Mr. Leverett Bell* (with whom was *Mr. Henry B. Davis* on the brief) for plaintiff in error.

*Mr. W. C. Marshall* appeared for defendant in error, but the court declined to hear further argument.

MR. JUSTICE HARLAN delivered the opinion of the court.

This was an action for the recovery of certain real estate in the city of St. Louis of the possession of which the plaintiff in error, who was the plaintiff below, alleged that she was illegally and wrongfully deprived by the defendants. The city denied the plaintiff's claim, and relied upon continuous adverse-possession for ten years prior to the accruing of the plaintiff's cause of action.

We held at the present term in *Chicago & Northwestern*

*Railway* v. *Chicago,* 164 U. S. 454, 457, as had frequently before been adjudged, that this court could not review the final judgment of the highest court of the State, alleged to have denied a right protected by the Constitution of the United States, unless such right was specially set up or claimed in the state court by the party against whom the judgment was rendered. Rev. Stat. § 709.

It is contended on this writ of error that the judgment below deprived the plaintiff in error of her property without due process of law, and that this result was accomplished by applying to the case a certain statute of limitations of Missouri as construed and enforced by the highest court of that State.

Upon inspecting the record, we find that no Federal right was set up or claimed, in any form, until after the final decision of the case by the Supreme Court of Missouri, and then by a petition for rehearing. That petition was overruled by that court without any determination of the alleged Federal question, indeed without any allusion to it. The claim of a Federal right came too late, so far as the revisory power of this court is concerned. *Loeber* v. *Schroeder,* 149 U. S. 580, 585; *Sayward* v. *Denny,* 158 U. S. 180, 183.

It is contended that the cases of *Huntington* v. *Attrill,* 146 U. S. 657, *Marchant* v. *Pennsylvania Railroad,* 153 U. S. 380, and *Scott* v. *McNeal,* 154 U. S. 34, recognized some exceptions to this general rule. But an examination of the first and last named of those cases, as reported, will show that a Federal right was specially claimed in and was passed upon by the state court. In *Marchant* v. *Pennsylvania Railroad* it does not distinctly appear from the opinion of the court that the Federal right alleged to have been violated was specially claimed in the state court. But the record of that case shows not only that such was the fact, but that the jurisdiction of this court in that case was beyond question.

*The writ of error must be dismissed for want of jurisdiction.*