## McCORQUODALE *v.* STATE OF TEXAS.

ERROR TO THE COURT OF CRIMINAL APPEALS OF THE STATE OF TEXAS.

No. 38. Argued December 3, 1908.—Decided December 21, 1908.

It is too late to raise the Federal question for the first time in petition for rehearing in the state court of last resort, unless, and it must so appear, that court actually entertains the motion and passes upon the Federal question; where the order is merely a denial of the motion the writ of error will be dismissed.

Writ of error to review 98 S. W. Rep. 879, dismissed.

THE facts are stated in the opinion.

*Mr. Sam Streetman,* with whom *Mr. Thomas H. Ball* was on the brief, for plaintiff in error.

*Mr. R. V. Davidson,* Attorney General of the State of Texas, and *Mr. Felix J. McCord,* for defendant in error, submitted.

Mr. Justice McKenna delivered the opinion of the court.

Plaintiff in error on March 10, 1905, was indicted by the grand jury of the District Court of Brazos County, Texas, for the murder of one Henry Spell. He was brought to trial and convicted of murder in the first degree, the jury fixing his punishment at imprisonment for life in the penitentiary.

The judgment, after stating the number and title of the case, the arraignment of the defendant (plaintiff in error), his plea, the impanelling of the jury, the trial of the case, the presence of the defendant throughout all of the proceedings, the retirement of the jury to consider of their verdict, recites that the jury "afterwards on April 1st were brought into open court by the proper officers, the defendant and his counsel being present, and in due form of law returned in open court the following verdict:

" 'We the jury, find the defendant guilty of murder in the first degree and assess his punishment at confinement in the state penitentiary for life.

" ' J. H. White, *Foreman.*' "

The following is the sentence:

"April 15th, 1905.

"This day this cause being again called, the State appeared by her district attorney, and the defendant, William McCorquodale was brought into open court in person, in charge of the sheriff, his counsel also being present, for the purpose of having the sentence of the law pronounced against him in accordance with the verdict and judgment herein rendered and entered against him on a former day of this term; and thereupon the defendant, William McCorquodale, was asked by the court whether he had anything to say why sentence should not be pronounced against him, and he answered nothing in bar thereof, whereupon the court proceeded, in the presence of the said defendant, William McCorquodale, to pronounce sentence against him, as follows:

" 'It is the order of the court that the defendant, William

McCorquodale, who has been adjudged to be guilty of murder in the first degree, and whose punishment has been assessed by the verdict of the jury at confinement in the penitentiary for life, be delivered by the sheriff of Brazos County, Texas, immediately to the superintendent of the penitentiaries of the State of Texas, or other person legally authorized to receive such convicts, and the said William McCorquodale shall be confined in said penitentiaries for life, in accordance with the provisions of the law governing the penitentiaries of said State, and the said William McCorquodale is remanded to jail until said sheriff can obey the direction of this sentence.' "

The judgment was affirmed by the Court of Criminal Appeals. 98 S. W. Rep. 879. A motion for rehearing was made by plaintiff in error and denied. Subsequently a motion was made by the State as follows:

"Now comes the State, by the assistant attorney general, and would show the court that the judgment in this cause was affirmed at Tyler, and the appellant's motion for rehearing was overruled at the Dallas term;

"That since which time it has been discovered, and this court's attention is now called to the fact, that the transcript does not contain a complete judgment against appellant, though the sentence is contained in the transcript:

"Wherefore, the State prays that the court order the transcript and all papers transferred from Tyler to the Austin branch of the court, to the end that this court may determine its jurisdiction of this appeal, and whether or not the judgment should be reformed and affirmed, or whatever action this court deems necessary.

"Respectfully submitted."

The motion to transfer was granted. The defendant, by his counsel, excepted, and opposed the State's motion to reform and affirm the judgment, on the following grounds: (1) The motion was not disposed of at the term which it was filed; (2) It was not such a motion as is contemplated by law, is not

a motion for rehearing nor a motion for the court to correct its own judgment, but it is a motion to enter an original judgment, which the lower court alone has the power to do at the proper time, and that the Court of Criminal Appeals has no power to so do. The latter ground was repeated in many ways, and it was alleged, with much repetition, that the court had no jurisdiction to grant the motion of the State, and it was prayed that the motion be denied in so far as it sought to have a judgment entered, or supplied, or to supply the want of the proper judgment in the court below, and in so far as it sought to have the Court of Criminal Appeals make any other order than to issue its mandate in accordance with its opinion theretofore rendered.

The court granted the motion of the State, holding that the judgment was in the ordinary form and complete so far as it went, but that it did not comply with certain requirements of the Code of Criminal Procedure of the State, in that it did not declare, as provided in subdivisions 9 and 10 of Art. 831, that it was considered by the court that the defendant be adjudged guilty of the offense as found by the jury, and that the defendant be punished as determined by the jury. The court further held that it had the power to reform and correct the judgment so as to bring it into accordance with the provisions of the Code of Criminal Procedure. The court, after reciting the proceedings and reviewing prior cases, concluded its opinion as follows:

" 'Reform' means to correct; to make anew; to rectify. Rapalje Law Dic. p. 1083. Here we have all of the foundation of the judgment, including the verdict of the jury, which is the basic rock on which the judgment is formulated. We have, following this, the final judgment of the court, which is the sentence. This itself adjudicates the guilt of appellant and sentences him, in accordance with the verdict and judgment. From this data certainly we can do that which the court *a quo*, in due order, should have done. We accordingly hold that the judgment of the court below should be reformed, and cor-

rected, so as to make it read, in connection with the judgment as entered, and following the verdict, as follows, to wit:

" 'It is therefore considered, ordered and adjudged by the court that the defendant, William McCorquodale, is guilty of the offense of murder in the first degree, as found by the jury, and that he, the said William McCorquodale, be punished, as has been determined by the jury, by imprisonment for life in the penitentiary; and it is further ordered, adjudged and decreed by the court that the State of Texas do have and recover of and from the defendant, William McCorquodale, all costs of this prosecution, for which execution may issue; and that the said defendant is now remanded to jail to remain in custody to await the further order of the court.'

"The State's motion to reform is accordingly granted; the judgment is reformed and corrected, as above indicated, and, as reformed and corrected, the judgment is affirmed in accordance with the previous opinion of this court."

In answer to the motion of the State, the defendant did not set up that the action invoked by the State would, if granted, contravene the Fourteenth Amendment of the Constitution of the United States. He however presented a petition for, to quote from the petition, "a rehearing upon the State's motion to 'reform and affirm,' " and urged as one of the grounds thereof the following:

"This court's said opinion is further erroneous in that it, in effect, deprives appellant of that due process of law guaranteed him by the constitution of the State of Texas, and that of the United States, in this: that it is in effect the rendering of a judgment against him in his absence, and the authorization of sentence against him without a judgment."

The other grounds of the motion for rehearing were repetitions of the grounds urged in the answer to the State's motion and other grounds based on the local procedure, the basis of all being the want of jurisdiction in the court.

The order of the court on the motion for a rehearing was as follows:

"This cause came on to be heard on appellant's motion for a rehearing, and the same being considered by the court said motion is overruled."

This court has decided many times that it is too late to raise a Federal question for the first time in a petition for rehearing in the court of last resort of a State after that court has pronounced its final decision. *Loeber* v. *Schroeder*, 149 U. S. 580, 585; *Pim* v. *St. Louis*, 165 U. S. 273. It is true that we have also decided that if the court entertains the motion and passes on the Federal question, we will review its decision. But it must appear that the court has done so. *Mallett* v. *North Carolina*, 181 U. S. 589; *Leigh* v. *Green*, 193 U. S. 79; *Corkran Oil Co.* v. *Arnaudet*, 199 U. S. 182, 193; *Fullerton* v. *Texas*, 196 U. S. 192; *McMillen* v. *Ferrum*, 197 U. S. 343. It can hardly be said to so appear in the case at bar. The order of the court is nothing more than a denial of the motion. In other words, it expresses no more than would be implied from a simple denial of the motion.

*Writ of error dismissed.*