## WATERS-PIERCE OIL COMPANY *v.* STATE OF TEXAS (NO. 2).

ERROR TO THE COURT OF CIVIL APPEALS FOR THE THIRD SUPREME JUDICIAL DISTRICT OF THE STATE OF TEXAS.

No. 360. Argued November 2, 3, 1908.—Decided January 18, 1909.

The review of a judgment of a state court is confined to assignments of error made and passed upon in the judgment brought here for review; assignments of errors in this court cannot bring new matter into the record.

When a state court decides a case upon a non-Federal ground which is

sufficient to maintain the decision this court will not review the judgment.

Procedure in matters under its jurisdiction is for the State and its courts to determine; and nothing in the Federal Constitution prevents a state court from acting in a proceeding for receivership of a corporation brought by the State on testimony taken in the suit by the State against the same corporation and on the judgment in which suit the receivership proceeding is based.

An attempt to raise the Federal question in the petition for rehearing in the highest court of the State will not avail if the petition is overruled without specifically passing on the questions.

Writ of error to review 105 S. W. Rep. 851, dismissed.

THE facts are stated in the opinion.

*Mr. Moorfield Storey, Mr. E. B. Perkins* and *Mr. Henry Samuel Priest,* with whom *Mr. J. L. Thorndike* was on the brief, for plaintiff in error.

*Mr. R. V. Davidson,* Attorney General of the State of Texas, *Mr. R. L. Batts* and *Mr. G. W. Allen,* with whom *Mr. Jewel P. Lightfoot, Mr. John W. Brady* and *Mr. T. W. Gregory* were on the brief, for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

This case was argued and submitted with Waters-Pierce Oil Company, plaintiff in error, against the State of Texas, just decided, No. 359, *ante,* p. 86.   It is brought here to review the action of the Court of Civil Appeals of Texas affirming an order of the District Court of Travis County appointing a receiver to take charge of the property and business of the Waters-Pierce Oil Company.   In view of the statement made in No. 359 it is unnecessary to repeat the facts leading up to the judgment in this case.   On the same day that the judgment was rendered in the former case the State of Texas, acting through its Attorney General and the county attorney of Travis County, filed in the District Court of Travis County an application for the appoint-

ment of a receiver, reciting the judgment rendered in the earlier case, averring that a suit was pending in Missouri for the forfeiture of the charter of the Waters-Pierce Oil Company; that a master had been appointed in that case by the Supreme Court of the State wherein the action was pending; that he had reported in favor of dissolving the corporation, which recommendation had the force and effect of a judgment forfeiting the charter of said company, and it was alleged that the penalties recovered in that case could not be collected outside of the State of Texas; that the property of the defendant within the State of Texas was inadequate to pay the judgment; that the great bulk of the property situated in the State subject to the payment of the judgment consisted of accounts, cars, money on hand and other property, easily movable, and that if the same was carried beyond the limits of the State the judgment could not be collected. It was averred that under and by virtue of an act of the State of Texas, passed April 11, 1907, the State has a lien upon all said property to secure the payment of the above-mentioned judgment.

A receiver was asked for to take charge of the property and assets of every kind belonging to the defendant and situated in the State of Texas. And the State also asked for a writ of injunction, prohibiting the removal from the State of Texas of any of the property of the defendant. On the same day the court granted the temporary injunction as prayed for, and set the application for a receiver for hearing on June 8, 1907.

On the seventh of June the defendant's motion for a new trial in the principal case having been overruled, the defendant gave notice of appeal to the Court of Civil Appeals of Texas, and tendered a supersedeas bond in the sum of $3,275,000, which bond was not accepted. On June 10, 1907, the court reached the conclusion that a receiver should be appointed, and continued the temporary injunction in force, from which action the defendant gave notice of its intention to appeal to the Civil Court of Appeals. At the time of the making of this order the judge of the court announced his determination to appoint

Robert J. Eckhardt receiver, and postponed the hearing until June 13, 1907, to hear objections to the appointment, and on that date the court made its order appointing Eckhardt receiver, fixing the bond in the sum of $250,000. On June 19, 1907, Eckhardt filed his bond, which was approved and he qualified as receiver, and after the appointment of a receiver and the approval of his bond as aforesaid a supersedeas bond in the sum of $100,000, for appeal from the order appointing a receiver, was approved. On June 15, 1907, the motion for new trial being overruled in the main case, the Waters-Pierce Oil Company appealed, and gave a bond, which was approved by the clerk.

On the appeal of the present case, involving the receivership, to the Civil Court of Appeals of Texas an application was made for an injunction restraining a receiver, who had been appointed by the Circuit Court of the United States for the Eastern District of Texas, upon which application the court declined to make any order interfering with the Federal receiver, but ordered its receiver to appear in conjunction with the attorneys of the State of Texas in the Circuit Court of the United States, and there urge and insist upon the rights of the state courts to prior jurisdiction. 103 S. W. Rep. 836.

The right to the Federal receivership is involved in No. 224 of this term, heretofore argued and submitted to this court.[1]

On October 23, 1907, the appeal of the Waters-Pierce Oil Company from the order appointing a receiver came on for hearing in the Court of Civil Appeals. The judgment of the District Court was affirmed. 105 S. W. Rep. 851. Subsequently the Supreme Court of Texas refused a writ of error to that judgment. The present proceeding in this court seeks a reversal of the judgment of the Court of Civil Appeals of Texas affirming the order in the District Court appointing the receiver.

It is well settled in this court that a review of the judgment of a state court is confined to the assignments of error made and passed upon in the judgment of the state court brought here for review. The assignment of errors in this court cannot bring into

---

[1] See *post*, p. 118.

the record any new matter for our consideration. *Harding* v. *Illinois*, 196 U. S. 78.

Looking to the assignments of error in the Court of Civil Appeals, we find that the first one to mention the Federal Constitution is No. IX, in which the constitutionality of the act of the State of Texas approved April 11, 1907, is challenged, and that act is alleged to be void because in violation of § 10 of Article II of the Constitution of the United States, which denies to any State the right to pass *ex post facto* laws.

The tenth assignment assails the same act, because in violation of § 1 of the Fourteenth Amendment of the Federal Constitution. Assignment 12 is likewise based upon objections to the act of April 11, 1907. The amended assignments of error contain additional assignments, numbers 15 and 16, which likewise, are also leveled at the act of April 11, 1907.

The act of April 11, 1907, undertakes in § 1 thereof to give a lien upon the property of any corporation within the State, or on any corporation created by the laws of the State, or any foreign corporation authorized to do business within the State, which shall violate the anti-trust laws of the State, for fines and penalties, with costs of suit recovered in such cases, and gives the like lien for the recovery of such fines and penalties where any such law had been theretofore violated, or should be violated before the taking effect of the act, and provides for the appointment of a receiver in such cases.

When we examine the opinion of the Court of Civil Appeals we find that it sustained the proceeding for the appointment of a receiver, not only under the act of April 11, 1907, but as well by virtue of subdivision 3 of article 1465 of Sayles' Civil Statutes for Texas, passed originally in 1887, which subdivision provides that a receiver may be appointed where a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights.

It is well settled in this court that where a state court decides a case upon an independent ground not within the Federal objections taken, and that ground is sufficient to maintain the

judgment, this court will not review the case. *Leathe* v. *Thomas,* 207 U. S. 93; *Eustis* v. *Bolles,* 150 U. S. 361; *Giles* v. *Teasley,* 193 U. S. 146.

The only other assignments of error in the receivership proceedings which mention the Federal Constitution are numbers 13 and 14, which are as follows:

"XIII. The court erred in appointing the said receiver without any evidence being introduced before it at the time said appointment was made to show that defendant did not intend to change its status and methods of doing business so as to conform to the laws of the State of Texas, and without evidence affirmatively showing that defendant could not make use of its property and carry on its business in accordance with law, and in holding that the court was authorized to so appoint a receiver for defendant's property in the State of Texas and deprive defendant of the instrumentalities by which it had been convicted of violating the laws of said State, based upon its past conduct and the said judgment of conviction rendered against it on June 1, 1907.

"Wherefore, defendant says that the said action of the court was unauthorized and in violation of § 1 of the Fourteenth Amendment to the Constitution of the United States, and has the effect of depriving defendant of its property without due process of law and in denying to it the equal protection of the laws.

"XIV. The court erred in disregarding the supersedeas bond filed by the defendant in connection with its appeal from the main judgment recovered against it on June 1, 1907, and in requiring defendant to file the additional bond in the sum of one hundred thousand dollars to supersede the order appointing the said receiver and to avoid having to surrender its property to said receiver by reason of said appointment, and this action on the part of the court was without lawful warrant and in violation of § 1 of the Fourteenth Amendment to the Constitution of the United States, in that the effect of such action by the court was to deprive the defendant of its property without due

process of law and to deny to it the equal protection of the law."

We are of opinion that neither of these assignments presents substantial questions of a Federal character. The practice of the state courts in acting upon matters within their jurisdiction is left for the States and their courts administering their laws to determine, and if the court saw fit to act upon the testimony already heard and the conviction already had of the violation of the anti-trust laws of the State, there is nothing in the Federal Constitution which prevents it from so doing. Nor does the time or manner in which the state court saw fit to approve the receiver's bond present any question under the Fourteenth Amendment. See the cases cited in *Waters-Pierce Oil Co.* v. *Texas*, No. 359, *ante*, p. 86. The attempt to assign new errors in the petition for rehearing, which was overruled without an opinion passing on Federal questions, cannot avail. See *Mc-Corquodale* v. *Texas*, 211 U. S. 432, decided at this term of this court, and previous cases therein cited. We are therefore of the opinion that no substantial Federal question is presented in this case, and the writ of error must be dismissed.

*The writ of error is dismissed.*