FORBES *v.* STATE COUNCIL OF VIRGINIA, JUNIOR ORDER UNITED AMERICAN MECHANICS OF THE STATE OF VIRGINIA.

ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE OF VIRGINIA.

No. 104. Argued January 25, 1910.—Decided February 21, 1910.

An attempt to introduce a Federal question into the record for the first time by petition for rehearing is too late unless the state court entertains and in fact passes upon it.

A denial of a petition for rehearing by the state court "after mature consideration" does not amount to any more than a denial of the motion, and does not show that the Federal question was considered or passed on. It affords no basis for jurisdiction of this court on writ of error.

Writ of error to review 107 Virginia, 853, dismissed.

THE facts are stated in the opinion.

*Mr. C. V. Meredith,* with whom *Mr. Preston Cocke, Mr. E. B. King* and *Mr. Smith W. Bennett* were on the brief, for plaintiffs in error.

*Mr. Samuel A. Anderson* for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

This case grows out of one heretofore in this court, *National Council of the Junior Order of United American Mechanics of the United States* v. *State Council,* 203 U. S. 151. In that case this court affirmed a judgment of the Supreme Court of Appeals of Virginia, which had affirmed a decree of the lower court of that State. The effect of that decree was to enjoin

the National Council of the Junior Order of United American Mechanics of the United States, and certain persons, officers of a voluntary association, from using in the State of Virginia the corporate name of the State Council of the Virginia Junior Order of United American Mechanics of the State of Virginia, or any other name likely to be taken for it, and from using the seal of the said Virginia order, and from carrying out under such name the objects for which the Virginia order and the voluntary association had been organized, from granting charters to subordinate councils in the State, and from interfering in any way with the pursuance of its objects by the Virginia order within the State, and from designating their officers in the State by appellations set forth as used by the plaintiff. After this decree, thus affirmed, had become final in the Virginia state court, the plaintiffs in error proceeded to obtain a charter under the name of the "Virginia Branch of the National Council of the Junior Order United American Mechanics," a name which they urged was clearly distinguishable from that of the State Council of Virginia Junior Order United American Mechanics of the State of Virginia, protected by the original decree. Having taken out the charter by the name aforesaid, the plaintiffs in error were prosecuted for contempt of court in violating the original decree. Upon hearing in the Chancery Court an order was entered finding the plaintiffs in error to be in contempt, and a fine of $20 was imposed on each of them, and the same was ordered to be paid to the clerk of the court within thirty-five days, and in default thereof each of the plaintiffs in error to stand committed to the custody of the sheriff, to remain in jail until the said sum be paid by them respectively.

A writ of error was allowed by the Supreme Court of Appeals of Virginia to this order of the Chancery Court. In the Supreme Court of Appeals a motion was made to dismiss the writ of error as having been improvidently granted. Upon consideration the Supreme Court of Appeals of Virginia sustained that motion upon the ground that it had no jurisdiction

to review the judgment complained of, and dismissed the writ of error accordingly. 107 Virginia, 853. The plaintiffs in error seek to bring the case here upon the ground that the ruling of the Supreme Court of Appeals of Virginia denies them due process of law, and deprives them of the equal protection of the laws, in violation of the Fourteenth Amendment of the Constitution of the United States.

An inspection of the record shows that no claim of the rights now asserted under the Federal Constitution was made until the petition for rehearing was filed after the judgment in the state court of final resort. That petition embodies many objections to the opinion and judgment of the Supreme Court of Appeals of Virginia not involving the Federal Constitution. As to the Federal Constitution, it was set up that if the Virginia statute, which provides that a writ of error shall lie to the Supreme Court of Appeals of Virginia to a judgment for a contempt of court other than for the non-performance of, or disobedience to, a judgment, decree or order, was applied to deny a review in the pending case, it would violate the Fourteenth Amendment of the Constitution of the United States, in that it attempts to deprive the plaintiffs in error of a right to a writ of error from the Supreme Court of Appeals of Virginia, as given under § 88 of the constitution of Virginia, and thereby deprive plaintiffs in error of their liberty without due process of law, and denied to them the equal protection of the laws; that a denial by the Supreme Court of Appeals of Virginia of a writ of error under § 88 of the Virginia constitution, which provides that the Supreme Court of Appeals of Virginia shall have appellate jurisdiction in all cases involving the life or liberty of any person, will be in violation of the Fourteenth Amendment, in that it would deprive them of property without due process of law, and would deny to them the equal protection of the laws.

In passing upon the petition for rehearing the Supreme Court of Appeals of Virginia said: "On mature consideration of the petition of the plaintiff in error to set aside the judg-

ment entered herein on January 16, 1908, and to grant a rehearing of said cause, the prayer of said petition is denied."

It has been many times held in this court that an attempt to introduce a Federal question into the record for the first time by a petition for rehearing is too late. *Loeber* v. *Schroeder*, 149 U. S. 580, 585; *Pim* v. *St. Louis*, 165 U. S. 273.

There is an exception to this rule when it appears that the court below entertained the motion for rehearing, and passed upon the Federal question. But it must appear that such Federal question was in fact passed upon in considering the motion for rehearing; if not, the general rule applies. *Mallett* v. *North Carolina*, 181 U. S. 589; *Leigh* v. *Green*, 193 U. S. 79; *Corkran Oil Co.* v. *Arnaudet*, 199 U. S. 182; *McMillen* v. *Ferrum*, 197 U. S. 343; *Waters-Pierce Oil Co.* v. *Texas*, 212 U. S. 112, 118.

But, it is alleged, the memorandum which we have quoted shows that the Virginia court must have considered and passed upon the Federal question made in the petition for a rehearing. Except that the order is said to be upon "mature" consideration, it is almost word for word the order on rehearing reviewed in *McCorquodale* v. *Texas*, 211 U. S. 432, which was held to amount to no more than a denial of the motion. See 211 U. S. 437. In that case the rule was again laid down that it was too late to raise a Federal question upon a petition for rehearing, unless the Federal question was passed upon in ruling upon the petition.

It results that the writ of error in this case must be dismissed.

*Dismissed.*