## CONSOLIDATED TURNPIKE COMPANY *v.* NOR-FOLK & OCEAN VIEW RAILWAY COMPANY.

### ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE OF VIRGINIA.

No. 152. Argued January 28, 29, 1913.—Decided April 14, 1913.

Under § 237 of the Judicial Code, as under § 709, Rev. Stat., in order to give this court jurisdiction to review the judgment of the state court it must appear that some Federal right, privilege or immunity was specially set up in the state court, passed on and denied.

While just compensation for private property taken for public use is an essential element of due process of law under the Fourteenth Amendment, the question of whether every element of compensation was allowed by the state court cannot be reviewed in this court except as based on claims specially set up in and denied by that court.

Where there is an equal right to compensation under the state constitution as under the Fourteenth Amendment, a mere demand for just compensation not specifically made under Federal right does not raise a Federal question.

An exception to the report of Commissioners on the ground that their interpretation of the state statute of eminent domain violates a specified clause of the Federal Constitution does not give this court the right to review the judgment on the ground that other rights of the plaintiff in error under the Constitution have been violated.

It is too late to raise the Federal question for the first time in a petition for rehearing after judgment of the state court of last resort unless the record clearly shows that the state court actually entertains the petition and decides the question.

Where the state court denies a petition for rehearing, setting up a Federal question for the first time, without opinion, it docs not pass on the Federal question even though it states that the petition has been maturely considered. *Forbes* v. *State Council,* 216 U. S. 396.

While a certificate of the state court can make more definite and certain that which is insufficiently shown in the record, it cannot import the question into the record and in itself confer jurisdiction on this court to review the judgment.

Writ of error to review 111 Virginia, 131, dismissed.

CERTAIN facts essential to the presentation of the questions of law upon which the judgment must turn will be preliminarily stated.

The Consolidated Turnpike Company, a corporation of the State of Virginia, acquired and united two or more toll roads, extending from Norfolk to Ocean View, on the seashore. The land acquired was somewhat more than was needed for a turnpike and so the turnpike company, by warranty deed, conveyed a strip 18 to 25 feet wide to the Bay Shore Terminal Company, also a Virginia corporation, upon which the latter company constructed a line of electric railway, with the necessary power houses and stations. This conveyance was made subject to two prior mortgages. These mortgages were for the purpose of securing bonds, and the plaintiff in error Taylor is trustee in both, and the plaintiff in error Depue a holder of some of the bonds.

The Bay Shore Company in time became insolvent, and a creditor's bill was filed in the Circuit Court of the United States at Norfolk, and its road and assets of every kind placed in the hands of a receiver. In that proceeding it appeared that its property was encumbered by the two mortgages before referred to and other liens. To clear the title before sale the Circuit Court directed its receiver to file a proper proceeding in a court of the State for the purpose of condemning any adverse title and all outstanding claims or liens against the land occupied by its tracks and appliances. Such a proceeding was accordingly filed, and Taylor, as trustee under the two deeds in trust, was made a defendant, together with certain others claiming other interests or liens. Depue, as a holder of bonds secured by the deeds in trust, intervened in behalf of himself as a beneficiary. The final decree in that proceeding is the decree here under review. Pending the condemnation proceedings, the property of the Bay Shore Terminal Company was sold under a decree made in the

original winding up suit in the United States Circuit Court, and purchased by the defendant in error, the Norfolk and Ocean View Railway Company, and conveyed to that company, "with the benefit of and subject to all suits and proceedings which have been or may be instituted by said receiver."

Pending this condemnation proceeding, Taylor as trustee and Depue as a beneficiary, although parties to the pending condemnation case, began, in a state court, a proceeding against the turnpike company to foreclose the mortgages referred to. The Ocean View Company, as purchaser of the property of the Bay Shore Company under the decree of sale made by the Circuit Court of the United States, applied to that court by petition and supplemental bill to enjoin the foreclosure suit until the proceeding to condemn the mortgagee interest pending in another state court should be decided. It was accordingly enjoined and upon appeal by Taylor, trustee, to the Circuit Court of Appeals, the injunction decree was upheld. 162 Fed. Rep. 452.

Recurring now to the condemnation proceeding: Commissioners were appointed and directed to ascertain "a just compensation for the interest of all persons or corporations having any interest in or claim against or lien upon said land, either by deed in trust or mortgage." They were directed to report the present value of the land with and without improvements and the value thereof on May 1, 1902, the date of the conveyance of same by the Consolidated Company to the Bay Shore Company. The Commissioners' report was as follows:

"If valued as of the 1st day of May, 1902     $5,000.00
 Will be a just compensation.
If valued as of the date of this report, without
 improvements. . . . . . . . . . . . . . . . . . . . . . . .  6,200.00
 Will be a just compensation.

| | |
|---|---:|
| For the land, with improvements.............. | 7,200.00 |
| For the steel rails......................... | 15,000.00 |
| For the railroad ties....................... | 1,250.00 |
| For the poles.............................. | 1,250.00 |
| For the overhead construction............... | 2,500.00 |
| For the machinery in power house........... | 25,000.00 |
| For the buildings on Tract No. 2............ | 5,000.00 |
| | |
| Making a total of..................... | $57,200.00 |

Will be a just compensation."

Later the report came on to be heard upon exceptions filed thereto by Depue, as representing the beneficiaries under the Taylor mortgages. Taylor, as trustee, had all along been a party, and when Depue waived and withdrew nine of his exceptions to the report Taylor joined him in such waiver of exceptions. The exceptions which remained included exceptions to the valuation reported as of May, 1902, and the valuation reported as of the date of the report, May 15, 1906.

As the report was in the alternative the question was whether that part of the report which fixed the value without improvements, or that part which fixed the value with improvements should be adopted. The trial court fixed the just compensation at $57,200, which included the value added by the railway and stations which had been placed thereon by the Bay Shore Company, the predecessor in title of the Ocean View Company, and directed the latter company to deposit that sum in bank subject to the court's order.

From this decree an appeal was taken to the Supreme Court of Appeals of Virginia, where it was held that the compensation for the mortgagee interest should have been limited to the present value of the property without improvements placed thereon by the Bay Shore Company.

*Mr. Charles H. Burr* for plaintiffs in error.

*Mr. Henry W. Anderson,* with whom *Mr. E. Randolph Williams* was on the brief, for defendant in error.

MR. JUSTICE LURTON, after making the foregoing statement, delivered the opinion of the court.

The case comes here under § 709, Revised Statutes, now § 237 of the new Judicial Code. It must therefore appear that some right, privilege or immunity was claimed under the Constitution, or some statute of the United States, and that the decision was against the right, privilege or immunity so claimed and specially set up by the plaintiff in error.

The error assigned here is that in permitting the condemnation of the interest of the mortgagees in the strip of land condemned without including the value of the permanent improvements placed thereon by the predecessor in title of the defendant in error, the Virginia court has authorized the taking of the property of the mortgagee plaintiff in error "without due process of law, in violation of the Constitution of the United States."

Just compensation for private property taken for public use is an essential element of due process of law as guaranteed under the Fourteenth Amendment. *C., B. & Q. R. R. v. Chicago,* 166 U. S. 226. The argument is that, if, therefore, just compensation required that the compensation awarded for the interest condemned should include the value of the land with improvements, and the value of such improvements be not so included, due process is lacking; that it would not in such case be a mere claim of inadequate compensation, but a denial of all compensation for an element of value actually existing as a part of the property taken. *C., B. & Q. R. R. v. Chicago, supra; Appleby v. Buffalo,* 221 U. S. 524.

Before considering whether this is a case for the application of the principle invoked, however, the preliminary question is whether any such claim or right under the Fourteenth Amendment was "specially set up" in the state court, and whether the record shows that the right so specially set up was denied?

It is contended that the right to just compensation was the whole substance of the litigation in the state court, and that this right arose under the Constitution of the United States. This latter assertion does not necessarily follow, since under the law and constitution of the State the plaintiffs in error were equally entitled to due process of law including just compensation for property taken for public purposes, and the case might well have been litigated wholly upon local law. Just such a contention was held ineffectual in *Osborne* v. *Clark,* 204 U. S. 565, 569, when it was said:

"If a case is carried through the state courts upon arguments drawn from the state constitution alone, the defeated party cannot try his chances here merely by suggesting for the first time when he takes his writ of error that the decision is wrong under the Constitution of the United States, *Crowell* v. *Randell,* 10 Pet. 367, 398; *Simmerman* v. *Nebraska,* 116 U. S. 54; *Hagar* v. *California,* 154 U. S. 639; *Erie Railroad* v. *Purdy,* 185 U. S. 148, 153."

The ground upon which the claim was asserted to compensation for the improvements placed upon the land by the Bay Shore Company was the common-law principle that permanent structures placed upon the realty of another by a trespasser, become the property of the owner and pass under any incumbrance created by the owner. Therefore, it was contended, if the Bay Shore Company saw fit to construct upon land subject to the deeds of trust represented by the plaintiffs in error, with no other authority than that of a deed from the mortgagor in possession, the structures placed thereon passed under the mort-

gage, and any decree condemning the land which denied compensation for the value of the land thus enhanced operates to deprive the mortgagees of a part of their security without due process of law.

This view of the law of the State was the view which the trial court accepted, upon the authority of the case of *Newport News &c. Ry.* v. *Lake*, 101 Virginia, 334. The Supreme Court of the State upon appeal (111 Virginia, 131) reversed this conclusion and held that, "where a corporation clothed with the power of eminent domain, lawfully enters into the possession of land for its purposes, and places improvements thereon, and afterwards institutes condemnation proceedings to cure a defective title, or to extinguish the lien of a deed of trust, it is not proper in ascertaining 'just compensation' for such land to take into consideration the value of such improvements.

"The commissioners in their report ascertained the value of the land, as of the date of their report, without considering the improvements, at $6,200. This sum we think should have been fixed as the just compensation for the land taken, and that the trial court erred in not so holding."

The case of *Newport News &c. Ry.* v. *Lake*, *supra*, relied upon by the trial court, was distinguished, the Supreme Court saying that in that case, "the premises had been sold under the deed of trust and the purchaser, who was the defendant in the condemnation proceedings, had recovered the premises in an action of ejectment after the improvements had been placed upon the premises by the railway company under the authority of the grantors in the deed of trust," and was therefore not limited to the value of the land as it was before the improvements.

Up to the filing of this opinion by the Supreme Court of the State no right or claim to due process of law under the Fourteenth Amendment was anywhere specially set up upon the record. Nor is there any mention of the

Constitution of the United States aside from that found in the fifteenth exception to the report of the commissioners to assess compensation. The exception referred to was in these words:

"15. Said report is also excepted to by said Arthur W. Depue on the ground that if it is held that the proper interpretation of the present statute of eminent domain is that this property can be taken and that in the measure of damages the value of the land alone is to be considered without improvements, then that such interpretation impairs the obligation of a contract within the Constitution of the United States, because it is a different interpretation from what the Court of Appeals of Virginia prior to this new statute has placed upon the statute law relative to such improvements."

At most that is a vague claim that if the Virginia Eminent Domain statute shall be construed as excluding damage for improvements, there would result a change of decision which would impair the obligation of a contract.

No question of the impairment of the obligation of a contract was decided in the trial court nor in the Supreme Court, nor is any such question assigned as error here, nor presented in argument. Upon a petition for a rehearing filed in the Supreme Court one of several grounds stated was, that a decree taking the land in question without compensation for the improvements thereon would be "a taking without due process of law in violation not only of the constitution of Virginia, but of the Fourteenth Amendment to the Constitution of the United States." This application was refused, without opinion, the judgment entry being in these words:

"The court having maturely considered the petition aforesaid, the same is denied."

The words "maturely considered" do not import any decision of the question made. Just such an entry has

been held to be no more than a refusal to rehear the case: *Forbes* v. *State Council*, 216 U. S. 396.

Nothing is better settled than that it is too late to raise a Federal question for the first time in a petition for a rehearing, after the final judgment of the state court of last resort. If, however, the state court actually enter-tains the petition and decides the Federal question, and this appears by the record, the requirement of § 709 that the right shall be specially set up and denied is complied with. *McCorquodale* v. *Texas*, 211 U. S. 432; *Mallett* v. *North Carolina*, 181 U. S. 589; *McMillen* v. *Mining Company*, 197 U. S. 343, 347.

Having neglected to raise any Federal question before the final judgment in the state Supreme Court, and having failed to obtain a rehearing that the question might thereby be raised and a decision obtained upon it, the plaintiffs in error have endeavored to show that in fact the Supreme Court of Virginia did rehear the case upon their petition and did decide the Federal question, therein for the first time raised, adversely, by obtaining the certificate of the Chief Justice of the court, months after the court had handed down its final opinion, that the court, "refused the said petition for a rehearing on the ground *inter alia* that the decree or decision of this court ·. .. .. did not con-stitute a taking of the property of the defendants in error without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States, and that the said defendants in error were not thereby deprived of any rights under said Amendment." This certificate was never made the order of the court and a part of the record, as in *Marvin* v. *Trout*, 199 U. S. 212, where it was held "perhaps sufficient" to show what Federal question was decided in a case where no opinion was filed. But that such a certificate can do no more than make more definite and certain that which otherwise may be insufficiently shown by the record proper is the settled

rule of this court.   That in itself it cannot confer jurisdiction is too plain for controversy.   *Seaboard Air Line* v. *Duvall,* 225 U. S. 477; *Home for Incurables* v. *New York,* 187 U. S. 155.   At the utmost it may aid to the understanding of the record.   *Gulf & Ship Island Railway* v. *Hewes,* 183 U. S. 66.

For the reasons stated, the writ of error must be

*Dismissed.*