## ST. LOUIS AND SAN FRANCISCO RAILROAD COMPANY *v.* SHEPHERD.

### ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 160. Submitted January 12, 1916.—Decided February 21, 1916.

A Federal question which is first set up and asserted in a petition for rehearing in the highest court of the State which was not entertained but denied without passing upon the Federal question is not open to consideration here.

In an action for damages for unreasonable delay in transporting a shipment of cattle, in interstate commerce, where the question in dispute was whether the transportation could have reasonably been completed within the thirty-six hours maximum limit under the Federal statute, the court charged the jury that the carrier could not keep the stock in the cars longer than such period, and that if it was not reasonably possible to complete the journey within that time the carrier was not responsible for delay caused by unloading the stock for rest, water and feed, and no exceptions having been reserved or modifications suggested, or other instructions requested, *held,* that assignments of error based on failure to give due effect to the Federal statute are so devoid of merit as to be frivolous and the writ of error should be dismissed.

Writ of error to review, 40 Oklahoma, 589, dismissed.

THE facts, which involve the jurisdiction of this court under § 237, Jud. Code, are stated in the opinion.

*Mr. W. F. Evans, Mr. R. A. Kleinschmidt* and *Mr. E. H. Foster* for plaintiff in error.

*Mr. J. B. Thompson* for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was an action for damages resulting, as was alleged, from unreasonable delay in transporting cattle from Fort

Worth, Texas, to Kansas City, Missouri, in May, 1909. The plaintiff had a verdict and judgment and the latter was affirmed. 40 Oklahoma, 589. The errors assigned are that due effect was not given to certain provisions of the Carmack Amendment to the Interstate Commerce Act (§ 7, c. 3591, 34 Stat. 584, 595) or to the act limiting the time that cattle in interstate transit may be confined in cars without being unloaded for rest, water and feed, June 29, 1906, c. 3594, 34 Stat. 607.

The claim under the Carmack Amendment was first set up and asserted in a petition for rehearing after the judgment in the trial court was affirmed by the Supreme Court of the State. The petition was not entertained, but was denied without passing upon the Federal question thus tardily raised. That question therefore is not open to consideration here. *Pim* v. *St. Louis*, 165 U. S. 273; *Mutual Life Ins. Co.* v. *McGrew*, 188 U. S. 291, 308; *McCorquodale* v. *Texas*, 211 U. S. 432, 437; *Forbes* v. *State Council of Virginia*, 216 U. S. 396, 399; *Consolidated Turnpike Co.* v. *Norfolk &c. Ry.*, 228 U. S. 326, 334.

The claim made under the other act was, that part of the delay was excusable, because the transportation reasonably could not have been completed within the maximum time—thirty-six hours—during which the cattle could be confined in the cars and it therefore became necessary under the act to unload them for rest, water and feed for at least five hours, as was done. Whether the transportation reasonably could have been completed within thirty-six hours was the subject of direct and conflicting testimony and was committed to the jury as a question of fact. In that connection the court said to the jury: "You are instructed that under the laws of the United States the defendant company could not keep the stock in this shipment in the cars longer than thirty-six hours and if you find from the evidence that it was not reasonably possible that the shipment should reach Kansas City

within the thirty-six hour limit, then it is not liable for the delay caused by the unloading of the stock." No exception was reserved to this instruction, no modification of it was suggested and no other instruction upon the subject was requested. It therefore is apparent that the assignments based upon this statute are so devoid of merit as to be frivolous.

*Writ of error dismissed.*