**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-2147

UNITED STATES OF AMERICA, and the State of North Carolina, California, Colorado, Delaware, Florida, Georgia, Illinois, Indiana, Iowa, Louisiana, Michigan, Minnesota, New Jersey, New York, Tennessee, Texas, Virginia and Wisconsin, ex rel,

                Plaintiffs – Appellees,

DR. MICHAEL MAYES, Relator; SCARLETT LUTZ, Relator; KAYLA WEBSTER, Relator; CHRIS RIEDEL,

                Plaintiffs,

       v.

HUNTER GARRETT DENT; HAILEY SHANNON DENT; L. D., minor child,

                Parties-in-Interest – Appellants,

      and

LATONYA MALLORY; HEALTH DIAGNOSTIC LABORATORY INC.; SINGULEX INC.; LABORATORY CORPORATION OF AMERICA HOLDINGS; BLUEWAVE HEALTHCARE CONSULTANTS, INC.; PHILIPPE J. GOIX, PhD; FLOYD CALHOUN DENT, III; ROBERT BRADFORD JOHNSON; BERKELEY HEARTLAB, INC.; QUEST DIAGNOSTICS, INCORPORATED,

                Defendants.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Richard Mark Gergel, District Judge. (9:11-cv-01593-RMG; 9:14-cv-00230-RMG; 9:15-cv-02485-RMG)

———————————

Argued: December 8, 2020                    Decided: February 17, 2021

———————————

Before MOTZ, WYNN and FLOYD, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

**ARGUED:** Sarah Jean Michaelis Cox, BURNETTE SHUTT & MCDANIEL, PA, Columbia, South Carolina, for Appellants. Jack E. Starcher, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees. **ON BRIEF:** Nekki Shutt, BURNETTE SHUTT & MCDANIEL, PA, Columbia, South Carolina; Kirsten E. Small, NEXSEN PRUET, LLC, Greenville, South Carolina, for Appellants. Joseph H. Hunt, Assistant Attorney General, Andy J. Mao, Patricia L. Hanower, Alicia J. Bentley, Michael Kass, Christopher Terranova, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; A. Lance Crick, Acting United States Attorney, Johanna C. Valenzuela, Assistant United States Attorney, James C. Leventis, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellees.

———————————

Unpublished opinions are not binding precedent in this Circuit.

PER CURIAM:

After a jury verdict resulted in an award of $114,148,661.86 against Floyd Calhoun Dent, III for violations of the False Claims Act, the district court granted his motion to stay execution of that judgment pending appeal if he posted a $30,000,000 supersedeas bond. Three of Dent's children — Hunter G. Dent, Hailey S. Dent, and minor child L.D. — moved to exclude their custodial bank accounts from the Dent assets subject to the supersedeas bond. The district court denied that motion, and the three children now appeal. Because the order denying the children's motion does not constitute a final appealable order, we lack jurisdiction to consider their challenge. Accordingly, we dismiss the appeal.

I.

Dent co-founded and co-owned BlueWave Healthcare Consultants, Inc. The Government alleged that Dent, BlueWave, and others violated both the common law and several federal statutes, including the False Claims Act. After the jury returned a unanimous verdict against Dent and two of his co-defendants on the False Claims Act claims, the district court entered judgment against Dent for a total of $114,148,661.86.

The Government filed for writs of execution on bank accounts in which Dent had a substantial, non-exempt interest. After the district court granted the writs, Dent and members of his family moved to stay and quash the writs of execution. The court granted a partial stay of execution pending appeal, subject to Dent posting a $30,000,000 supersedeas bond. In this order, the court required Dent to deposit with the court the

contents of several bank accounts in which the court found that Dent had a substantial, non-exempt interest.

Included among these bank accounts are three custodial accounts in the names of the three Dent children who now bring this appeal.[1] At a hearing before the district court, the Dent children objected to the inclusion of these accounts. The children argued that the writs of execution were overbroad, that the funds in the bank accounts belonged to them, and thus Dent lacked a substantial, non-exempt interest in the funds. The district court asked the parties to brief this issue on cross-motions for summary judgment. While the writs remained stayed pending appeal the parties did so, and the court awarded summary judgment on this issue to the Government. The Dent children now seek to appeal that order.

## II.

The parties principally disagree over the degree of control that Dent retained over the funds in the custodial accounts that he had opened under the South Carolina Uniform Gifts to Minors Act. The Government, however, preliminarily argues that the district court's grant of summary judgment with respect to inclusion of these accounts as security for the supersedeas bond does not constitute a final appealable judgment. Because this

---

[1] Dent and his co-defendants have separately appealed the judgment against them, and their appeal is pending before us. *See United States v. Mallory*, No. 18-1811 (4th Cir. 2021). In that appeal, Dent challenges not only the underlying verdict against him, but also the court's prejudgment attachment of other assets. The case at hand does not concern prejudgment attachment of any assets, but only use of the children's accounts as security for the supersedeas bond.

argument challenges our jurisdiction to hear this case, we must resolve it before reaching the merits of the appeal. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

The only potential basis for the exercise of our jurisdiction that the parties advance — and the only potential basis that we can ascertain — is 28 U.S.C. § 1291.[2]  That statute provides that federal appellate courts "have jurisdiction of appeals from all final decisions of the district courts of the United States." *Id.*

We have held in a previous appeal, raising similar questions in the same case, that we lacked jurisdiction to consider an interlocutory appeal from the denial of a motion to quash a prejudgment attachment. *United States ex rel. Lutz v. United States*, 853 F.3d 131, 136 (4th Cir. 2017).  While the case at hand concerns different assets and comes to us in a different posture, we reach the same conclusion for much the same reasons.  Like the order challenged in *Lutz*, the order at issue here is not final — it does not resolve all of the claims and issues in the case.

To be sure, there has been a final judgment and an award against Dent for millions of dollars.  But the children's claims in this action do not challenge that judgment — instead, their arguments concern the inclusion of their accounts as part of a supersedeas bond securing that judgment, execution upon which has not yet taken place.  Such litigation is treated as "a separate lawsuit from the action which produced the underlying judgment."

---

[2] There are several exceptions to the final-judgment rule codified in 28 U.S.C. § 1291, but none applies here.  For example, as the Government correctly notes, the collateral order doctrine provides no basis for jurisdiction. *See Cunningham v. Hamilton County*, 527 U.S. 198, 202 (1999).

*In re Joint E. & S. Dists. Asbestos Litig*., 22 F.3d 755, 760 (7th Cir. 1994). For this reason, "the requirements of finality must be met without reference to [the] underlying judgment." *Id*. The question before us, then, is whether the challenged order ended the litigation *concerning execution*, leaving nothing left for the district court to do.

Far from doing so, the order granting summary judgment left important issues unresolved. The district court's order determined only that the assets in the Dent children's accounts should be transferred to the court as part of Dent's supersedeas bond. In its motion for summary judgment, the Government repeatedly emphasized that it did "not seek a determination of the ultimate ownership of these accounts, an issue which" it recognized was "more properly adjudicated following the resolution of [Dent's] pending appeal." The district court similarly limited its order to consideration of "whether the children's bank accounts are subject to the supersedeas bond." An appeal challenging the court's resolution of the rightful ownership of the custodial accounts will not be available until the district court enters an order fully and finally resolving the ownership of these accounts.

Thus, our decision here does not deny the Dent children (or any other interested party) the opportunity to assert challenges to the writs of execution — it just delays that opportunity. The district court ordered that the assets in the Dent children's accounts be placed in the District Court Registry Account as part of Dent's supersedeas bond. The Government has represented that all of those funds remain there; the Dent children do not contend to the contrary. If Dent does not prevail on appeal and the Government seeks to return to writs of execution to collect the funds in these accounts, the children and any other interested parties can then challenge the writs of execution.

Thus, this case is in a different posture than *United States v. Parker*, 927 F.3d 374 (5th Cir. 2019), on which Dent relies. There, the Fifth Circuit held that *denials* of motions to quash writs of execution were immediately appealable, explaining that otherwise the parties would have no "right to challenge the writ of execution at any later point." *Id.* at 380. Because the present case concerns only inclusion of funds in a supersedeas bond and writs of execution that were *stayed* rather than *sustained*, the children will have an opportunity to challenge these writs of execution at a "later point." Our decision here therefore does not reach the question in *Parker*. We hold only that at this preliminary stage — when the district court has resolved questions of a party's interest in an account solely for purposes of a supersedeas bond — we lack jurisdiction to consider an appeal.

III.

Because the challenged order does not constitute a "final decision" for purposes of § 1291, we lack jurisdiction over this appeal. Accordingly, the appeal is

*DISMISSED.*