# United States Court of Appeals for the Fifth Circuit

---

No. 21-11039
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 18, 2023

Lyle W. Cayce
Clerk

Mariamma Viju,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 3:19-CV-2048, 3:15-CR-240-1

---

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Mariamma Viju appeals from the district court's denial of her petition for a writ of coram nobis. The Government has filed a motion to dismiss the appeal based on the waiver provision in Viju's plea agreement, an alternative motion for summary affirmance, and an alternative motion for an extension

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

of time to file a merits brief. Although the district court held that Viju's petition was barred by the waiver provision in her plea agreement, we do not need to reach that issue to resolve this appeal. *See United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006).

We review the district court's "factual findings for clear error, questions of law de novo, and the district court's ultimate decision to deny the writ [of coram nobis] for abuse of discretion." *Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046 (2010). "[W]e have denied numerous attempts to collaterally attack a restitution order . . . because once orders become final on direct review, 'they become res judicata'" as to any admissible matter that was offered and received, or that might have been offered, as to any claim or demand. *United States v. Parker*, 927 F.3d 374, 381 (5th Cir. 2019) (quoting *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152 (2009)) (footnote omitted). Because Viju's petition for a writ of coram nobis was a collateral attack on a restitution order, the district court correctly determined that it lacked the authority to grant the petition. *See Parker*, 927 F.3d at 381.

Accordingly, we AFFIRM the district court's judgment on this basis. The Government's motions to dismiss the appeal, for summary affirmance, and for an extension of time to file a merits brief are DENIED.[1]

---

[1] Judge Oldham would enforce the appeal waiver and dismiss.