# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2023

Lyle W. Cayce
Clerk

————————

No. 22-40834
Summary Calendar

————————

Raymond Garcia Carmona, Jr.,

*Petitioner—Appellant*,

*versus*

Warden, *Federal Correctional Institution Beaumont Medium*,

*Respondent—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:22-CV-184

———————————————————————

Before Dennis, Elrod, and Willett, *Circuit Judges*.
Per Curiam:[*]

Raymond Garcia Carmona, Jr., a federal inmate, appeals the dismissal of his 28 U.S.C. § 2241 petition, which challenged the sentence set forth in his amended judgment for his convictions for conspiracy to distribute and possess with intent to distribute less than 50 kilograms of marijuana and distribution and possession with intent to distribute less than 50 kilograms of

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

marijuana. The district court dismissed Carmona's § 2241 petition after determining that Carmona's challenge to his sentence should properly be brought as a 28 U.S.C. § 2255 motion, Carmona failed to show that his § 2241 petition qualified under the § 2255 savings clause, the district court lacked jurisdiction to entertain a § 2255 motion from Carmona because he was convicted in a different district, and his § 2241 petition was barred by the waiver provision in his plea agreement.

On appeal, Carmona argues that the district court committed a structural error by changing the imprisonment terms in the amended judgment to run consecutively rather than concurrently and that the resulting sentence violated the terms of his plea agreement. We review the district court's factual findings for clear error and its conclusions of law de novo. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). Section 2255's savings clause permits prisoners to challenge the validity of their convictions under § 2241 if they show that § 2255's remedy "is inadequate or ineffective." 28 U.S.C. § 2255(e); *see also Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause applies if the petitioner's claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904. The district court correctly concluded that Carmona does not meet this test. The district court also lacked jurisdiction to construe Carmona's § 2241 petition as a § 2255 motion because Carmona was sentenced in the Northern District of Texas. *See United States v. Parker*, 927 F.3d 374, 378-79 (5th Cir. 2019); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

AFFIRMED.